Cusson agt. Whalon.

# SUPREME COURT.

## Cusson agt. Whalon.

If the plaintiff neglect to bring the cause to trial, upon an issue of fact, the defendant may move to dismiss the complaint.

The cause is deemed at issue upon the service of the pleadings joining issue in the cause, notwithstanding the right to amend under § 172 of the Code.

But the plaintiff is not obliged to bring on the cause for trial, until the expiration of a reasonable time to prepare for trial after the time to amend has elapsed, unless the defendant waive his right to amend, by giving notice of trial, or by giving notice that he shall not amend.

As he may notice the cause in the mean time, it seems that ten days after the time to amend has expired, is sufficient.

Where the circuit was held thirty-four days after the reply was served, and no amendment was made, the plaintiff would have been in default, had the reply been served personally, but not where it was served by mail.

But where the cause was removed from a Justice's Court by a plea of title and giving an undertaking, the defendant could not have amended his answer, and the plaintiff was in default for not bringing the cause to trial.

Where the notice was that the defendant would move for judgment, as in case of nonsuit, instead of a dismissal of the complaint, it was held, that the plaintiff had not been misled, and that the notice was substantially the same.

Where the complaint is dismissed for not bringing the cause to trial, the defendant may enter up judgment for his costs.

*Essex Special Term, March* 1851. *Motion by defendant for judgment, as in case of nonsuit for not going to trial.* The reply, merely denying that the plaintiff had sufficient knowledge of the matter in the answer to form a belief of its truth, was served by mailing on the 31st December 1850; and the Clinton Circuit (where the venue was laid) was held on the 3d of February 1851. The plaintiff did not notice the cause for trial, and now insisted that the defendant had time to amend his answer, which did not expire until too late for that circuit. That as the plaintiff's attorney lived in Chateaugay in the county of Franklin, and the defendant's attorney in Keeseville in Essex, even if twenty days only were allowed to amend, after the 20th of January, the plaintiff had not time to give notice of trial by mail, nor could, without more than ordinary diligence, serve it in season personally. He also insisted that a motion to dismiss the complaint, for not

Cusson agt. Whalon.

going to trial, could not now be made; nor a motion for judgment as in case of nonsuit.

S. AMES, *for the Motion.*

A. POND, *Contra.*

HAND, Justice.—No doubt, where both parties were actors, as in an action of replevin, no motion for judgment as in case of nonsuit, would be entertained, before the Revised Statutes (2 *Tidd's Pr.*, 703; Forrester vs. Barrett, *Coleman's Pr. Ca.*, 92, *S. C.* 1 *J. C.* 247. And see Rogers vs. Tifft. 17 *J. R.* 267). By the Revised Statutes, where neither party noticed the cause in replevin, the defendant might move (2 *R. S.* 530, § 46. And see Potter vs. Babcock, *id. in notes*). By § 258 of the Code, either party may notice the cause for trial. It would have been more analagous to the old practice, to have considered this as abolishing the right to move for judgment as in case of nonsuit, or for dismissal of the complaint for not trying the cause, as no such right is given to defendant by the Code, or at least in such direct terms, as was by the Revised Statutes in case of replevin. But the Supreme Court has, by rule, adopted a different construction. Rule 23, expressly authorizes a motion to dismiss the complaint, with costs, for the neglect of the plaintiff to bring the cause to trial. And perhaps this is better than to put parties to the trouble and expense of the defendant attending prepared for trial, when all he asks is to terminate the cause, Lee vs. Brush, cited by the plaintiff's counsel, of which a very brief note is found in 3 *Code R.* 165, was probably an issue of law. It is enough, however, that the rule does not conflict with any statute and is the act of the whole court, which always had power to change its own practice, when that can be done without violating a statute. When prescribed by legislation, it is an iron rule, that can not be broken or bent by the courts, whatever be its effect; because it is made by a higher power. And therein consists the danger of legislating in relation to the mere details of the practice of the court, which should be allowed sometimes to conform to the exigencies of the occasion, to prevent injustice (3 *Chit. G. Pr.* 50–55).

But it is said this notice is for judgment as in case of nonsuit ; whereas the act and the rule allow the court to " dismiss the complaint, with costs" (*Code*, § 274, *Rule* 23). The last part of §274 is: " The court may also *dismiss the complaint*, with costs, in favor of one or more defendants, in case of an unreasonable neglect of the plaintiff to serve the summons on other defendants, *or to proceed in the cause against the defendant or defendants served.*" But notwithstanding this phraseology and that of the 258th section would seem to require the defendant to notice the cause in order to take a *judgment*, that is only necessary when he asks for some relief, or something more than 'a dismissal of the suit; and I think the defendant may have a judgment for his costs where the complaint is dismissed. Calling it a judgment as in case of nonsuit in the notice, does not mislead, and is the same thing in effect though by another name.

Another objection to the motion is, that the plaintiff was not bound to consider the cause as finally at issue, until the lapse of forty, or at least twenty days, after he served his reply; and if the latter time only, then he insists it was too late to notice. The defendant has a right to move for judgment as in case of nonsuit, whenever there is, after issue joined, time to notice the cause for trial (Brooks vs. Hunt, 3 *Cai. R.* 94). But formerly, not till all the pleadings in a cause were carried to an issue (Mumford vs. Stocker, 1 *Cow.* 602). Before the Code, perhaps this precise question could not well arise, for the party was not at liberty after plea to amend a pleading already answered (Cowles vs. Coster, 4 *Hill*, 550); though cases very analagous have been decided in our courts. The right to amend is now given by § 172. " Any pleading may be once amended by the party, of course without costs, and without prejudice to the proceedings already had, at any time before the period of answering it shall expire, or within twenty days after the answer to such pleading shall be served. In such case a copy of the amended pleading shall be served on the adverse party."

There is no doubt but that both parties in this case could have served notice of trial, immediately after the reply was served.

Cusson agt. Whalon.

By § 256, ' *at any time* after issue, and at least ten days before the court, either party may give notice of trial." When a reply denying the answer is put in, there is an issue, notwithstanding the parties may have the mere right to amend. Though it has been decided, that if the plaintiff notices the cause for trial, before the time the defendant has to amend expires, he does so at his peril (*Paige, J.* in Washburn vs. Herrick, 4 *How. Pr. R.* 15. See Shultys vs. Owens, 14 *J. R.* 345). And Mr. Justice GRIDLEY set aside a judgment where the defendant demurred to the complaint, and noticed it for argument and took judgment by default within twenty days after service of the demurrer, and before the service of amended complaint, which was also put in within twenty days. Though he admitted both sides had pursued the plain language · of the act (Morgan vs. Leland, 1 *Code R.* 123). And see Hawley vs. Hanchet, 1 *Cow. R.* 152). No doubt if the plaintiff had not amended, the defendant in that case would have been regular. The right to amend is not *per se* a stay of proceedings.

If the defendant waives his right to amend, either by noticing the cause for trial, or by express notice that he shall not amend, unless the plaintiff also may take time to amend, the latter is bound to go on. But if the defendant does not do that, I think an equitable construction will not hold the plaintiff in default, where there is not a reasonable time before circuit, to prepare for trial, after the time to amend shall have elapsed. Perhaps the statute has determined that to be ten days. There is nothing in the way of noticing the cause at any time after service of the reply; and, if no amendment be interposed, the plaintiff then would have ten days to prepare. Vigilance is always beneficial to litigants. In this case, if the time in which to amend terminated on the 20th day of January, the plaintiff had fourteen days, and should have tried the cause. It is insisted, however, that as the reply was served by mail, the defendant had forty days in which to amend (*Code*, § 172, 412, Washburn vs. Herrick, *supra*). This is evidently the true construction of the statute, and the provision in § 172, allowing a pleading to be amended within twenty days after the answer to it shall be served, does not limit the

period for amendment, absolutely, without reference to § 412. Mailing is service (Van Horne agt. Montgomery, 5 How. Pr. R. 238).

But there is another part of the case that, after some hesitation, I think, obviates this difficulty. This suit, which is for a trespass, it appears by the plaintiff's affidavit, was originally commenced in a justice's court, where the defendant pleaded title in another, and an entry under him, and gave the requisite undertaking. I do not see how the defendant could amend his answer in this court (Code, § 60. And see McNamara vs. Bitely, 4 How. Pr. R. 44). If I am right on this point, there was no danger in noticing the cause without waiting for an amendment.

The motion must be granted, but with leave to stipulate. Ordered accordingly.