### GRAHAM *v.* STIRLING INS. CO.

*(Common Pleas of New York City and County, Special Term.* January 15, 1880.)

NOTICE OF TRIAL—SERVICE—AMENDMENT OF PLEADINGS.

Code Civil Proc. N. Y. § 977, which provides that in the city of New York, where a party has served a notice of trial and filed a note of issue for the term at which the cause is not tried, it is not necessary for him to serve a new notice of trial or file a new note of issue for a succeeding term, and that the action must remain on the calendar until disposed of, does not apply where the pleadings have been amended after issue joined; and where plaintiff, after noticing the cause for trial, amends his complaint, and defendant serves an amended answer, plaintiff must serve a new notice of trial, and file a new note of issue, before the case can be brought to trial.

Plaintiff, Graham, had the cause noticed for trial, and placed on the general calendar. Defendant, the Stirling Insurance Company, now moves for a vacation of the order.

*John C. Cloyd*, (*Birdseye, Cloyd & Baylis*, of counsel,) for plaintiff. *N. B. Hoxie*, for defendant.

DALY, J. The issue under the pleadings as they originally stood was joined March, 1877, and the cause noticed for May term, 1877, and placed on the general calendar. The complaint was amended on motion of plaintiff on May 23, 1879, and the amended complaint served on July 7, 1879, and the answer thereto served July 28, 1879. No new notice of trial was given, and the cause remained on the calendar by its old number. The question is whether a new notice of trial and a new note of issue were necessary for the joining of the new issues. In *Black* v. *Bank*, it was held to be discretionary with the court to order the issues to date back when an amended answer is served. 2 Abb. N. C. 332. In *Bailey* v. *Spofford* it was held that the place on the calendar must be controlled by the date of issue under the amended pleadings, (VAN BRUNT, J., at circuit, LAWRENCE, J., at special term, 2·Abb. N. C. 333.) In *Washburn* v. *Herrick* and *Cusson* v. *Whalon* it is intimated that, where notice of trial is served, and the case put on the calendar before the time of right to amend of course expired, the party noticing does so at his peril. 4 How. Pr. 15; 5 How. Pr. 305. The considerations on the other side of the question are those arising upon the construction of the Code as to notice of trial and notes of issue. Section 977. It is provided that in the city of New York, where a party has served a notice of trial and filed a note of issue for the term at which the cause is not tried, it is not necessary for him to serve a new notice of trial or file a new note of issue for a succeeding term, and the action must remain on the calendar until disposed of. It is plain, as no exceptions are made, the provision as to one notice and one note of issue applies to cases of amended pleading as well as all cases put on the calendar, and that the amendment was made for this city owing to the great delay that would result from requiring a new note of issue in case of amended pleadings. And it is fur-

ther objected that, if the new notice is required, amendments on the trial could not be allowed without the other party acquiring an absolute right to have the trial stopped and the cause renoticed. It may be said in answer that the note of issue required by the Code to be filed should be filed as often as the issue is changed, in order to comply with the Code; that the cause is not on the calendar according to its date of issue unless on the calendar under the date of the new issue; that the Code has not provided for the case of amendments after issue joined, and the provisions of section 977 do not apply to such a case; and, finally, that the delay caused by a new notice is for the plaintiff to consider when he applies for his amendment. The practice of the supreme court is in favor of defendant's view, and, until the question is settled by our general term, should be adopted. It may always, of course, be made a condition of granting an amendment that the cause be tried when reached under its original issue number if the other party exacts such terms. Motion granted. Plaintiff must serve a new notice of trial, and file a new note of issue, before this cause can be brought to trial.