SUPREME COURT.

VAN HORNE, President of the Agricultural Bank, agt. MONTGOM-ERY, WILLIS and THOMAS.

The time of the *service* of a copy complaint, when made by mail, is the time when it is *mailed; not* when it is *received.* (*See Peebles agt. Rogers,* ante page 208.)

The verification of a complaint, "that he had read the complaint, and that the same was true according to the best of his knowledge and belief," *held,* to be no verification under § 157 of the Code, even if made by the party; much less if made as attorney or agent, when the *means of knowledge* should be set forth. (*See Fitch agt. Bigelow and Hunt,* ante page, 237.)

If the complaint is not verified, in an action upon a promissory note, *notice of assessment of damages* must be given, where the defendant has appealed. The judgment is irregular if such notice is not given.

In common law actions an *affidavit of merits* in a general form pursuant to the rule as laid down in the old Supreme Court rules, and in the 4th *Hill,* 61, *note,* is sufficient, in a case where there are no suspicious circumstances thrown upon the application. (*See Dix agt. Palmer and Schoolcraft,* ante page 233.)

Horne, Pres't of the Ag. Bank, agt. Montgomery, Willis and Thomas.

*Oneida Special Term*, *Feb*. 1851. The defendant Thomas, moves to set aside the judgment, as respects himself, which was entered on the twenty-fifth of January last; and to be permitted to answer. The summons was served on the defendant Thomas, on the 2d of December; a notice of appearance and a demand of a copy of the complaint was served by the attorney for the defendant on the plaintiff's attorney on the 10th of the same month. On the 21st of December the copy complaint was received, and entered as received in the register of the defendants' attorney on that day; and on the 29th January an answer was mailed at Utica to the plaintiff's attorney who resides at Herkimer.

WM. J. BACON, *for Motion.*

J. A. RASBACK, *Contra.*

GRIDLEY, Justice.—The time of receiving the copy of the complaint was not the service, but the time of mailing it; and that it sworn to have been done on the 14th of December. It is indeed an unusual event that the letter should have been seven days in traveling from Herkimer to Utica; but it is *positively* sworn that the letter was mailed on the 14th, and Messrs. Bacon & White did not preserve the envelope, so as to determine when it was actually put in the post office. The answer was therefore served too late, and was accordingly returned with that information on the next day after it was received.

The complaint purported to be *verified*. It was sworn to by Harvey Doolittle, the cashier of the bank, and he states that " *he had read the complaint and that the same was true according to the best of his knowledge and belief.*" This is no verification under section 157, if the cashier is to be regarded as a party. Still less, is it a good verification if he supposed to act as an agent or attorney; for then he should set forth his means of knowledge.

The action was on a promissory note, and the complaint not being verified, the damages must have been assessed by the clerk, and as a notice of appearance was given, the defendants' attorney was entitled to five days notice of assessment (*section* 246 *of*

Van Horne, Pres't of the Ag. Bank agt. Montgomery, Willis and Thom.

*the Code*). This notice was not given, and the judgment is therefore irregular, and must be set aside.

Still the defendants' time to answer has expired, and to enable him to plead, he must obtain the leave of court. He has shown a mistake as to the time when an answer was due, which is satisfactory; and he has made an affidavit of merits in a general form pursuant to the rule as laid down in the old Supreme Court rules, and in the 4th *Hill*, 61, *note.*

I am aware that it has been said in several cases, since the adoption of the Code, that the affidavit of merits should be special, setting up the facts, which constitutes the ground of defence, conformably to the practice in the Court of Chancery. But I see no reason for adopting that practice in common law actions. The guards, which the rule of the Supreme Court provided, are sufficient, in a case where no suspicion is thrown on the application by the circumstances of the case. The circumstances *may be* so suspicious in their character, that a party would be called on to explain those circumstances, and to state the facts, on which he relies for explanation or avoidance, in his affidavit. That, however, was always the case; and affords no reason why, in an ordinary case at law, we should disregard the settled practice which has obtained in like cases since the court was established.

The result is, that the defendant is entitled to set aside the judgment with costs; but is obliged to ask as a favor to be permitted to answer, notwithstanding the time has expired. The proper mode is to grant the entire motion without costs (5 *Wendell*, 78).