## SUPREME COURT.

### WILLIAM ELLIOTT agt. JAMES KENNEDY.

In the *service* of notices and other papers in a cause, *made by mail*, the *deposit in the post-office is the service*, and no distinction is made between *notices of trial* and any other paper.

A sufficient service is made by a deposit in the post-office, when such service is proper, *at any hour of the day*, without regard to the closing or departure of the mail.

*Kings Special Term, March* 8, 1864.

THIS was a motion to set aside an inquest and subsequent proceedings upon the following facts :

The plaintiff's attorney resides at Croton Falls, in Westchester county, and the office of the defendant's attorney, to which notices to him were directed to be sent, is in the city of Brooklyn. There is a regular communication by mail between those places daily, except on Sunday. On the afternoon of Saturday, the 10th day of October last, but after the usual and regular time for closing the mail at that season of the year, and after the mail on that day had in fact been closed, the plaintiff's attorney deposited a notice of trial of that date for the ensuing circuit court, appointed to be held in Putnam county, on the 26th day of that month. The envelope enclosing the notice was postmarked " Croton Falls, Oct. 12, N. Y." and did not reach the defendant's attorney till the next day, so that in fact he did not receive notice of trial more than thirteen days before the first day of the circuit. He apprised the plaintiff's attorney that he did not deem this due and sufficient notice. On that ground, as well as on the merits, he moved to set aside the proceedings.

PHILIP S. CROOKE, *for the motion.*
ODELL CLOSE, *contra.*

LOTT, Justice. I was strongly impressed on the argument of the motion that the proceedings of the plaintiff were irregular. Subsequent examination has, however, led me to a different conclusion.

Notices and other papers in an action may be served, in a case like the present by mail (*Code,* § 408, *and* 410), and when so made the paper must be deposited in the post-office properly addressed, and the service thereof " shall be double the time required in case of personal service, except service of notice of trial, which may be made six-

teen days before the day of trial, including the day of service." (§ 411 *and* 412.) The *deposit* in the post-office is *the service*, and no distinction is made between notices of trial and any other papers. All, of which service is allowed by mail, may be served in the same way, and no limitation is made or direction given as to the time of day the deposit shall be made. In the latter respect there is an essential difference from the rule as to the service at an attorney's office or residence, or the party's residence when not made upon the attorney or party himself. If it is made at the office of the attorney when there is no clerk therein or person having charge thereof, or' at the residence of the attorney or party, it must be made between the hours of six in the morning and nine in the evening. (§ 409.)

This provision in the specific cases mentioned fairly justifies the inference and conclusion that the service may be made upon the attorney or party personally, or by a deposit, in the post-office, when proper, at any hour of the day, and such has been the general understanding of the practice. It was indeed conceded by the defendant's counsel that such was the rule in regard to services by mail when double time was allowed, but that the practice was intended to be changed when the amendment of the Code in 1859, in relation to notices of trial was made, which only required two days more time to be given by mail than when served on the attorney personally, or at his office or residence, and that the party was not at liberty to withhold the deposit of such a notice until after the closing of the mail, which would necessarily have the effect of reducing the time one day.

That argument appeared to me to be entitled to much weight. It would certainly be reasonable that full sixteen days after the departure of the mail containing the notice should elapse to make it effective, when fourteen days are required in cases of personal service. But, as I before

Elliott agt. Kennedy.

have stated, there is no distinction, made in that respect, or in any way between the different kinds of notices or papers which may be served by mail. Indeed it would be difficult to make the closing or departure of the mail a rule.

In many places the mail leaves only once a week, in others twice or three times. In the first of those cases it will be seen that if the paper was deposited in the morning of the sixteenth day before the day of trial, and which is expressly included in the computation of time by, (§ 412,) it might not leave till six days afterwards. Upon the whole I see no authority for any limitation as to the right of making the deposit at any time of the day specified. The plaintiff's proceeding was therefore regular, but as the question appears to be new under the amendment referred to, and an affidavit of merits has been filed, I deem it a proper case to give the defendant an opportunity to try his case, and as the plaintiff's attorney did not answer the defendant's letter, in which he stated that he deemed the notice short, I shall allow the costs of the motion to the plaintiff if he succeeds, and not as a condition of the relief granted. The judgment and execution, if issued, to stand as security.