# SUPREME COURT.

PATRICK H. TOOMEY agt. LATIMER ANDREWS, impleaded with JEWELL HARVEY.

*Amendment of answer — Service by mail.*

Where an answer is served by mail, which does not admit of a reply, and is not in fact, replied or demurred to, the defendant's time to amend it, of course, is limited to twenty days next after the day of service.

Section 172 of the Code, analyzed and explained.

Where the original answer was served by mail, and the plaintiff's attorney on the second day thereafter, noticed the cause for trial at the next circuit, and before the end of forty days, but after twenty days thereafter, the defendant served an amended answer, which the plaintiff's attorney immediately returned with notice that he declined to receive it, on the ground that it was not served in time, and also that the plaintiff accepting it would lose the circuit:

*Held,* that the plaintiff's objections to receiving the amended answer were valid, and that the judgment taken by him at the circuit, by default of the defendant's appearance, was regular.

*Monroe Special Term, January,* 1872.

MOTION by defendant Andrews, to set aside judgment as irregular, or for leave to answer on terms. The action is brought on a promissory note made by the defendants, payable to the plaintiff. Andrews alone defended. The original answer was served by mail, November fifth; November seventh the plaintiff noticed the cause for trial at the Ontario circuit. On the eleventh of December, three days before the circuit, the defendant served an amended answer by mail; immediately on its receipt, the plaintiff's attorney returned the amended answer with a notice that he declined

to receive it on the ground that it was not served in time, and also that the plaintiff by accepting it would lose the circuit. On the first day of the circuit, the cause having been reached in its order, was tried in the absence of the defendant and the plaintiff took judgment.

The original answer contained three counts, the first of which alleged, in substance, that Andrews signed the note as surety for his co-defendant, Harvey; the second, that he signed as surety and the plaintiff had not taken any steps to collect of Harvey, and the third denied every allegation in the complaint inconsistent with the allegations in the first and second counts. The amended answer was the same in substance as the original, with an additional count, which alleged substantially, that the defendant signed the note as surety; that shortly after the note became due the plaintiff, for a valuable consideration, and without the knowledge or consent of Andrews, agreed with Harvey to extend the time of payment; that when the note became due Harvey was solvent and able to pay; that the plaintiff unreasonably neglected to collect of him, and that Harvey is now insolvent.

*J. Horr*, for defendant.

*T. H. Bennett*, for plaintiff.

JAMES C. SMITH, *J.*—In the case of *The Bank of Monroe agt. Geib* (not reported), decided at the Monroe special term in October last, I held, that where an answer which was served by mail, did not admit of a reply, and was not, in fact, replied or demurred to, the defendant's time to amend it, of course, was limited to twenty days next after the day of service.

The correctness of the decision depends upon the construction of section 172 of the Code. The language of the section relating to the matter, is as follows: "Any pleading

Toomey agt. Andrews.

may be once amended by the party, of course, without costs, and without prejudice to the proceedings, at any time within twenty days after it is served, or at any time before the period for answering it expires, or it can be so amended at any time within twenty days after the service of the answer or demurrer to such pleading, unless," &c. Here, then, are three several periods of time within which a pleading may be amended. (1.) Within twenty days after it is served; (2), at any time before the period for answering it expires, which, if the pleading is served personally, is twenty days, and if served by mail is forty days after service; and (3), at any time within twenty days after service of answer or demurrer to such pleading. These several provisions do not apply to all cases indiscriminately, but each is appropriate to a particular class. Thus, to take them up in their inverse order, the third relates only to those cases in which an answer or demurrer to the pleading is actually served; the second, to those in which the pleading admits of an answer, but none has been served at the time of amending; and the first applies to all other cases. And in each case the right to amend is subjected by certain words of the section, which are not transcribed above, to the power of the court to strike out the amended pleading when it appears to be put in for delay, and will cause the loss of a circuit or term.

As the answer in this case did not set up a counter-claim, the plaintiff could not reply to it without leave of the court (*Code*, § 153), and, consequently, the case is not within the second clause. Neither is it within the third, because no reply or demurrer was in fact served. Necessarily, therefore, the case is controlled by the first clause of the section.

In answer to these views it may be suggested that the word "answering" used in the second clause means answering *or demurring*, and, consequently, that as the original answer of the defendant in this case, like every other pleading of fact, could be demurred to (whether successfully or not, is immate-

Toomey agt. Andrews.

rial), and the plaintiff had forty days to demur, the defendant had the same time in which to amend.

That position is not tenable. It is true the term "answer" is sometimes used in a broad sense to include every pleading that may be interposed to a complaint, but it is not used in that sense in the second clause of section 172. As used there it has no reference to a demurrer. It relates to pleadings of *fact* exclusively, and it includes a reply as well as an answer. That it does not include a demurrer is apparent from the context, for in the third clause, where a demurrer as well as an answer is intended, each is expressly mentioned. Such meaning is also apparent from the course of legislation by which section 172 has been moulded into its present form. Section 148 of the Code of 1848 provided that "any pleading may be amended by the party, of course, without costs and without prejudice to the proceedings already had, at any time before the period for answering it shall expire." By the amendment of 1849 the section was numbered 172, and to the words last above quoted the following were added: "Or within twenty days after the answer to such pleading shall be served." That the terms "answer" and "answering," as used in the original section and also in the amendment of 1849, were not intended to include a demurrer, is obvious from the fact that the right to amend a pleading, after it had been demurred to, was expressly given by another section of the Code of 1849. Section 174 of that Code provided that, "after demurrer either party may amend any pleading demurred, of course, and without costs, * * * within twenty days," &c. That provision was needless and superfluous, if the case of a demurrer was intended to be covered by section 172 as it then stood. Equally significant was the legislation of 1851. In that year the provision of section 174 above referred to respecting amendment after demurrer served was abrogated, and section 172 was amended by inserting the words "or demurrer" in the last clause, where they still remain. These considerations seem to establish the construc-

tion above suggested. It results from that construction that the second clause above stated applies only to the case of a pleading which admits of an answer.

The construction is reasonable. If the meaning of the second clause is that an answer may be amended, of course, at any time before the period for demurring to it expires, it follows that, in every case in which mail service is proper the party who serves an answer may double his time for amending it by serving it by mail. It follows, also, that although in the case of an answer to which a reply may be served, the plaintiff's attorney can at once limit the time for amending to twenty days by serving his reply, yet, if the answer does not admit of a reply, his proceedings are practically stayed for forty days by the act of his adversary, unless he chooses to take the risk of a motion to set aside the answer as dilatory, or of treating it as a nullity. A construction leading to consequences so mischievous and absurd, is not to be adopted if it can be reasonably avoided. The provision of the Code (sec. 412) that where the service is by mail it shall be double the time required in cases of personal service, is intended for the benefit of the party *served*.

The defendant's counsel cites the cases of *Washburn* agt. *Herrick* (4 *How.*, 15) and *Evans* agt. *Lichenstein* (9 *Abb.* [*N. S.*], 141). They do not conflict with the views above expressed. The first was decided under the Code of 1848, which, as has been seen, prescribed but one period of time in which a pleading might be amended, of course, to wit, " at any time before the period for answering it shall expire." And it is to be inferred from the report of that case that the answer was one which could be replied to. Under the Code of 1848 a reply could be served to any answer containing new matter (sec. 131). *Evans* agt. *Lichenstein* was decided on the authority of *Washburn* agt. *Herrick*, and for ought that appears it, also, was the case of an answer to which a reply could be served.

I adhere to the decision made in *The Bank of Monroe* agt.

*Geib* and hold that the amended answer was properly returned for the reasons stated, and that the plaintiff's proceedings were regular.

The plaintiff's counsel also suggests as a ground for treating his practice as regular, or at least for not setting it aside, that the amended answer, as well as the original, was frivolous. That suggestion rests upon the position that as the note, on its face, does not show that the defendant signed it as a surety, he cannot resort to parol evidence to establish the fact. The point is not well settled, though the recent cases of *Campbell* agt. *Tate* (7 *Lans.*, 370) and *Benjamin* agt. *Arnold* (5 *N. Y. S. C. R.*, 54), cited by plaintiff's counsel, favor his position. But it is unnecessary to decide that point in this case, or to express an opinion upon it. The question here is one of pleading and not of evidence. For ought that appears the defendant may be prepared to prove his suretyship by competent evidence in writing. The original answer was clearly frivolous ; but the defense set up for the first time in the amended answer, is good if it can be proved.

Upon the first ground stated the motion to set aside the judgment as irregular is denied, with costs.

But the application for favor is granted on terms. The defendant may serve an answer containing the matters set up in the third and fourth counts of his amended answer, in three days after service of the order herein, on condition that he take three days' notice of trial for the February circuit in Ontario ; and that, before the first day of that circuit, he pay the costs of the trial had at the December circuit, and ten dollars costs of opposing this motion, and that the judgment stand as security.