was filed in Ontario county, and an execution was issued to that county; and it was alleged that certain parties held property of the judgment debtor, and upon an affidavit to that effect, application was made to the county judge of Ontario county; and it was finally held in that case that the county judge had not jurisdiction to entertain the proceedings.　We are of the opinion that the order appealed from should be affirmed.　Order affirmed, with $10 costs and disbursements.

---

### WARD *v.* GILLIES.

*(Supreme Court, Special Term, New York County.　August 5, 1890.)*

PLEADING—AMENDMENT—TIME—SERVICE BY MAIL.

　　Code Civil Proc. N. Y. § 798, which provides that where "a paper must be served within a specified time, * * * if service is made through the post-office, the time so required or allowed is double the time specified," does not double the time for serving an amended answer, where the service is by mail.

At chambers.　Action by Martin J. Ward against Joseph Gillies to recover broker's commission.　The complaint was served by mail on March 2, 1890, and the answer thereto was duly served by mail on May 2, 1890.　Thirty-five days after the service of the answer, (June 6, 1890,) defendant served an amended answer by mail.　The amended answer was returned on the ground that service thereof was not had within the proper time.　After service of the answer, and before service of the amended answer, plaintiff noticed the cause for trial, and put it on the calendar.　After the amended answer was returned, plaintiff took an inquest, and defendant now moves to set aside the judgment entered in pursuance of such inquest.　Code Civil Proc. N. Y. § 798, is as follows: "Where it is prescribed in this act, or in the general rules of practice, that a notice must be given, or a paper must be served, within a specified time, before an act is to be done, or that the adverse party has a specified time, after notice or service, within which to do an act, if service is made through the post-office, the time so required or so allowed is double the time specified, except that the service of notice of trial may be made, through the post-office, not less than sixteen days before the day of trial, including the day of service."

・*Wilder, Wilder & Lynch,* (*William J. Lynch,* of counsel,) for plaintiff.
*Hakes, Page & Acker,* (*Ira C. Darren,* of counsel,) for defendant.

BEACH, J.　Motion is denied, under Code Civil Proc. § 798, as now worded, and *Toomey* v. *Andrews*, 48 How. Pr. 332, with $10 costs.

---

### HORTON *v.* CHILDS *et al.*

*(Supreme Court, Special Term, New York County.　August 2, 1890.)*

MORTGAGES—FORECLOSURE—APPEAL-BOND—STAY.

　　Code Civil Proc. N. Y. § 1331, as amended by Laws 1879, c. 542, provides that "if the appeal is taken from a judgment or order * * * directing the sale or the delivery of possession of real property, it does not stay the execution of the judgment or order, until the appellant gives a written undertaking to the effect that he will not, while in possession of the property, commit, or suffer to be committed, any waste thereon; and that, if the judgment or order is affirmed, or the appeal is dismissed, he will pay for the use and occupation of the property. * * * But if the judgment directs a foreclosure and sale of real property mortgaged, an undertaking is sufficient to stay the execution of judgment, which is to the effect that if the judgment is affirmed or the appeal is dismissed, the appellant will pay any deficiency which may occur upon the sale." *Held* that, on appeal from an order directing the sale of mortgaged premises, appellant has his election to give an undertaking conditioned against waste, and to pay for use and occupation, or to pay any deficiency which may occur on the foreclosure sale.

Action by James M. Horton against William H. Childs to foreclose a mortgage.　Defendant moves that the amount of the bond to be given by him to