of a debt was at the domicile of the creditor, or, for the purposes of attachment proceedings, the domicile of the debtor may fix the situs of the debt. These, however, were general rules laid down apparently in the absence of proof as to the actual situs of the debt. In the case at bar the plaintiff's proof is that the debt due to defendants was the result of a contract made in the state of New York, and by the terms thereof payable in this state. In the face of such proof I am unwilling to direct the release of the levy upon the ground that the situs of the debt sought to be reached is outside of the state of New York. As to the second ground urged—i. e., the insufficiency of the notice of attachment served on the Cuba Company—I am of the opinion that it was sufficient. The notice was attached to a copy of the warrant, and stated that the sheriff was commanded to attach property, etc., "of the defendant Thomas E. Spotswood and ano., within named"; and by reference to the warrant attached, which undoubtedly was what was referred to by the use of the words "within named," the identity of the individuals whose property was sought to be reached was made evident beyond a doubt. I conclude, therefore, the motion should be denied, with $10 costs to plaintiff to abide the event.

Motion denied, with $10 costs to plaintiff to abide event.

---

(41 Misc. Rep. 16.)

### BATES v. PLASMON CO. OF AMERICA et al.

(Supreme Court, Special Term, Kings County. June, 1903.)

1. PLEADING—AMENDED ANSWER.

    Where defendant has served his answer by mail, he can at any time within 40 days thereafter serve an amended answer.

Action by Lindon W. Bates against the Plasmon Company of America and Howard E. Wright. The defendant Wright served his answer by mail, and, more than 20 days and less than 40 days thereafter, served an amended answer, which was returned as served too late. Motion to direct service to stand. Granted.

Rudd & Sykes, for the motion.

Goodale, Hanson & Price, opposed.

MADDOX, J. For the reason stated in Binder v. Metropolitan St. Ry. Co., 68 App. Div. 281, 74 N. Y. Supp. 54, and on that authority, the motion must be granted.

Motion granted.