no name, in connection with an article referring to the photograph, and which is libelous per se, entitled a plaintiff to maintain an action for libel, and that this complaint states a good cause of action, the interlocutory judgment sustaining the demurrer to the complaint for insufficiency should be reversed, with costs, and the demurrer overruled, with costs, with leave to defendant to withdraw demurrer and to answer upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., and HATCH and LAUGHLIN, JJ., concur. PATTERSON, J., dissents.

---

(41 Misc. Rep. 557.)

### BUCKLIN v. BUFFALO, A. & A. R. CO.

(Supreme Court, Special Term, Erie County. November, 1903.)

1. AMENDED COMPLAINT—TIME OF SERVICE.
    Under Code Civ. Proc. § 798, providing that, if service on an adverse party is made through the post office, the time within which such adverse party is required to do an act is double the time specified, where defendant serves by mail an answer to a complaint the plaintiff has 40 days, under Code Civ. Proc. § 542, to serve an amended complaint.

Action by Cornelius P. Bucklin against the Buffalo, Attica & Arcade Railroad Company. Motion to compel defendant to accept amended complaint. Granted.

A. J. Hastings, for plaintiff.
Thomas A. Sullivan, for defendant.

KENEFICK, J. Defendant served its answer by mail on September 26, 1903. Plaintiff mailed an amended complaint to defendant's attorney 31 days thereafter, to wit, on October 27, 1903, which the latter returned on the ground that it was not served in time.

The question thus raised is whether the plaintiff acquired double time within which to serve his amended complaint, owing to the fact that defendant served its answer by mail. The Code (section 798) provides:

"Where it is prescribed in this act, or in the general rules of practice, that a notice must be given, or a paper must be served, within a specified time, before an act is to be done; or that the adverse party has a specified time, after notice or service, within which to do an act; if service is made through the post office, the time so required or allowed is double the time specified."

The defendant's claim is that this section doubles the time only in case the pleading requires of the adverse party an answering pleading, as, for example, a complaint which requires an answer or demurrer, or an answer setting up a counterclaim, which requires a reply or demurrer, but has no application when a party simply exercises the right to serve an amended pleading of course, under section 542 of the Code of Civil Procedure. The first sentence of section 798, standing alone, would bear this construction. But the second sentence of that section, viz., "Where it is prescribed in this act * * * that the adverse party has a specified time, after notice or service, within which to do an act," clearly grants to the ad-

verse party double time within which to amend his pleading as of course. The service of the answer fixes the date from which the time to serve an amended complaint is computed, and it would therefore seem that the plaintiff serving an amended complaint after answer must be deemed "an adverse party," within this provision. A similar construction was given to the corresponding section (412) in the Code of Procedure, although the language of that section was somewhat vague and indefinite. Cusson v. Whalon, 5 How. Prac. 302–305.

The defendant relies upon three cases as tending to support its claim, viz.: Toomey v. Andrews, 48 How. Prac. 332, construing section 412 of the Code of Procedure; Ward v. Gillies (Sup.) 11. N. Y. Supp. 797; and Armstrong v. Phillips, 60 Hun, 243, 14 N. Y. Supp. 582, construing the present section 798. These cases decided that when a defendant serves an answer by mail, which does not admit of a reply, and is not replied or demurred to, he does not acquire, by his own act of serving his answer by mail, the right to double time to serve an amended answer of course. I do not quarrel with these cases. I believe they were well decided, although a contrary ruling has been made in a recent case. Bates v. Plasmon Co., 41 Misc. Rep. 16, 83 N. Y. Supp. 573. It could hardly be said under such circumstances that a defendant was an "adverse party" within the second clause of section 798, nor would it be just to permit him to double his time to amend his answer by his own act in mailing the original answer. The motion is granted, with $10 costs.

Motion granted, with $10 costs.