(112 App. Div. 121)

SCHLESINGER v. BOROUGH BANK OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. March 22, 1906.)

PLEADINGS—ANSWER—TIME FOR AMENDMENT.

Under Code Civ. Proc. § 798, providing that where service of notice or pleading is by mail the adverse party has double the time specified for the doing of an act by him, and section 542, providing that, within 20 days after a pleading is served, or at any time before the period for answering it expires, it may be once amended by the party of course, where an answer is served by mail the defendant may amend it of course within 40 days.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 595.]

Jenks, J., dissenting.

Appeal from Special Term, Kings County.

Action by Leo Schlesinger, as receiver of the Federal Bank of New York, against the Borough Bank of Brooklyn. From an order permitting the defendant to amend its answer as of course, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Stillman F. Kneeland, for appellant.
John T. Smith, for respondent.

HIRSCHBERG, P. J. I cannot concur either in the views expressed in the opinion of Mr. Justice JENKS or in the conclusion reached by him. The appeal is from an order made by Mr. Justice Lambert, permitting the defendant to amend its answer as of course within 40 days of the time when it was served by mail. In making the order Mr. Justice Lambert wrote as follows:

"I feel constrained to follow the decision in Binder v. Met. St. R. R. Co., 68 App. Div. 281, 74 N. Y. Supp. 54, which in effect holds that service by mail operates to double the time of the party serving as well as his adversary. This

decision disregards Toomey v. Andrews, 48 How. Prac. 332, and the reasons upon which the court rested its decision.   It follows that the answer was served in time, and hence the motion is granted, but, owing to the confusion of authorities on the subject, without costs."

The case of Toomey v. Andrews, referred to by Mr. Justice Lambert, was a Special Term case, and was not well considered.   The court appears to have been influenced by the fact that the original answer in that case did not call for a reply, which the original answer in this case may have done for aught that appears upon the record.   Whether or not the Binder Case was properly decided is a matter of no consequence on this appeal.   It applied a settled rule of practice in relation to the amendment of pleadings to another question on assumed authority.   If that decision was right, the decision herein was of course right; but, even if the Binder decision is wrong as applied to the question then before this court, the decision herein at Special Term was nevertheless right, for it is in accordance with the statutory rule in this state ever since the existence of a Practice Code.   That rule is not an unreasonable one, but is one well calculated to subserve the interests of both litigants and the courts.   It provides, in effect, that a party may once amend a pleading as of course at any time before the time has expired for his adversary to demur to or answer it.   The defendant in this case did not double its time to amend its answer by serving it by mail.   The defendant by such service doubled the time of the plaintiff to respond to it by either demurrer or reply, and, if its own time to amend the answer was thereby doubled, it was not doubled by section 798 of the Code of Civil Procedure, but by virtue of section 542 of that Code.

It seems to me to be a serious mistake to suppose that the question at issue depends upon the construction to be placed upon section 798 of the Code of Civil Procedure.   On the contrary, the question depends entirely upon the construction to be placed upon section 542 of the Code; in other words, the question of the right to serve an amended pleading as of course cannot be properly determined without considering or construing the section of the Code of Civil Procedure which confers that right.   Section 798 relates generally to the time given or allowed to an adverse party to do an act after notice or service either under the Code of Civil Procedure or the general rules of practice, and it provides that, if the required notice is received by mail, the adverse party shall double the time which he would have had in case the service upon him had been made personally.   The provision, of course, embraces the service of pleadings, and unquestionably gives to the party served with a pleading by mail 40 days' time in which to answer, reply, or demur to it; but the provision also includes the service of every other paper or notice which is prescribed by the general rules of practice or the Code of Civil Procedure.   It was not intended of itself to double the time of the server of any paper for any purpose; whether the paper served be notice or pleading, nor has it any relation, other than incidental, to the right of a party to serve an amended pleading as of course.   That right is given by section 542 of the Code of Civil Procedure, which provides, in effect, that any pleading may be amended as of course at any time before the period for answering

it has expired. If the pleading, therefore, shall have been served by mail, the time to answer it will not expire until 40 days, and the pleader will consequently have 40 days' time within which to amend it, not because he has given himself double time under section 798, but because the Code has given him double time under section 542. This applies only to an amendment of a pleading, and has no necessary application to the time allowed to either the server or the adverse party with respect to the many other papers and notices which are included in the purview of section 798.

The right of a litigant to amend his pleading as of course at least once within the time allowed for his opponent to plead to it has been a part of the statute law of this state for nearly 60 years. In the Code of Procedure of 1848 the right was given by section 148, and the number of times when the pleading might be amended was not prescribed; but it was enacted in the most comprehensive terms that any pleading might be amended at any time before the period for answering it shall have expired. The section was numbered 172 in 1849, and it was then amended so as to give the pleader not only the right to amend his pleading once at any time before the period for answering it had expired, but further extended his time to so amend it to 20 additional days after the answer or demurrer to the pleading had been served. The section, however, contained a further provision to the effect that, if it appeared that the amendment was made for the purpose of delay, or that the party would lose the benefit of a circuit or term for which the cause was noticed, the amendment might be stricken out, and such terms imposed as to the court might seem just. The language of the section was changed by subsequent amendments, which it is unnecessary to consider in detail. The distinctive features remained during the existence of the Code of Procedure, namely, a limit of the pleader to a single amendment as of course; an effective guard against the possibility of abuse of the privilege in the accomplishment of delay; and the extension of the period granted for the amendment to the time during which the opposite party had the privilege of answering the pleading in case such period exceeded 20 days.

The provision of the Code of Procedure allowing one amendment to a pleading as of course at any time before the period had expired in which to assail it, namely, to answer it by answer, demurrer, or reply, was re-enacted in the Code of Civil Procedure by section 542 in language even more comprehensive than that contained in the old Code. There is no indication to be found of any intent to change the law, or to take away this reasonable and salutary privilege. Mr. Throop makes no note of such intent, and had the intent existed, it is difficult to understand why the provisions of the former section should have been re-enacted. The present enactment is as follows:

"Within twenty days after a pleading, or the answer, demurrer, or reply thereto, is served, or at any time before the period for answering it expires, the pleading may be once amended by the party, of course, without costs and without prejudice to the proceedings already had."

The English language furnishes no words which could have been employed to confer more clearly upon the defendant in this case the right to serve an amended answer in good faith within the period of

40 days which it had given to the plaintiff in which to demur or reply to the original answer served by mail. What the original answer was is not disclosed, neither is the scope or nature of the proposed amendment. The original answer may have been demurrable, or it may have called for a reply, but the provision allowing an amendment as of course until the expiration of the time to answer is explicit and unequivocal; the only qualification being that it shall not be for the purpose of delay, or to deprive the plaintiff of a term of court, neither of which is charged in this instance.

The decisions under the Code of Procedure were uniformly in harmony with the views herein expressed. They conflict with the Special Term decision in Toomey v. Andrews, supra, and also with the decision in Armstrong v. Phillips, 60 Hun, 243, 14 N. Y. Supp. 582. In the latter case the court fell into the same error as Mr. Justice JENKS in treating the question as though the party was giving himself double time by serving his answer through the mail, instead of treating it as a case in which the party gives his adversary double time by such service, and only receives equal time for a proper amendment in good faith by virtue of the positive law which allows him to so amend at any time before the period for attacking his pleading by counter-pleading has expired.

So far as there is any conflict of authority upon the question under consideration, the matter should be set at rest, and this can only be done by uniformity of ruling by the same members of the same court. The order appealed from is expressly based upon a unanimous decision of this court, and it also gives to the language of section 542 that broad and liberal interpretation which is prescribed by the Code of Civil Procedure. It is in the interest of ample opportunity for perfecting pleading without delaying the progress of litigation, and accomplishes a result which is both just and salutary. It is of importance that the court should be consistent, while it is of no great importance whether the amendment in this particular instance be allowed or not. This will be apparent on the reflection that, even if this court reverse this order, or if it affirm the order and it be subsequently reversed by the Court of Appeals, the defendant could even at that late day unquestionably obtain at Special Term leave to amend the answer if the amendment desired is material and proper. and could obtain such leave without costs, inasmuch as in taking the 40 days' time it relied upon a unanimous decision of this court. I vote for an affirmance of the order.

Order affirmed, with $10 costs and disbursements. All concur, except JENKS, J., dissenting.

JENKS, J. I dissent. The sole question is whether the defendant by serving its original answer by mail thereby doubled the time to serve its amended answer. The answer to it requires the construction of section 798 of the Code of Civil Procedure. I see no reason why a defendant may thus acquire such a privilege. The mere fact that the defendant avails itself of the privilege of serving its answer by mail affords no reason why it should thereby gain for itself a further privilege, namely time double that time generally prescribed by statute

within which he must serve his amended answer. The language of section 798 does not require or even justify such construction, and there are no decisions which should constrain us to so hold lest we should depart from precedent to the confusion of practice. On the other hand, there is good reason why the party who is served through the post should have an extension of the statutory time prescribed in case of personal service, for it has been held that deposit in the mail is the service (Elliott v. Kennedy, 26 How. Prac. 422; Green v. Warren, 14 Hun, 434; Van Horne v. Montgomery, 5 How. Prac. 238), and it is more reasonable that the Legislature should inflict a penalty rather than confer a privilege in · point of time when having him in mind who serves his pleading through the post.

Section 798 reads as follows:

"Where it is prescribed in this act, or in the general rules of practice, that a notice must be given, or a paper must be served, within a specified time, before an act is to be done; or that the adverse party has a specified time, after notice or service, within which to do an act; if service is made through the post office, the time so required or allowed is double the time specified; except that service of notice of trial may be made, through the post office, not less than sixteen days before the day of trial, including the day of service."

The section may be resolved into two parts. The first provision is: "Where it is prescribed * * * that a notice must be given, or a paper must be served, within a specified time, before an act is to be done." I think this provision means that he who proposes to do an act, and must give notice or serve a paper as a prerequisite to such action, if he choose to give such notice or make such service through the post office, cannot do the act until the lapse of twice the time specified in case he had made personal service or had given personal notice. That is, the time "so required or allowed is double the time specified." The case of Lesser v. Williams, 52 Hun, 610; 5 N. Y. Supp. 97, hereinafter examined, affords an apt illustration. The defendant served by mail on October 10th his demand for a change of the place of trial. If such service had been personal upon the plaintiff, the plaintiff would have had five days to serve his written consent, and the ten days within which the defendant could move to change the place of trial only began to run after the flight of the period afforded to the plaintiff to serve his written consent. Section 986, Code Civ. Proc. But the service of the demand by mail by the defendant doubled the time within which plaintiff could serve his written consent, and consequently the defendant could not move to change the place of trial until 10 days after his service of a demand, namely, October 20th. Hence the court was right when, after referring to the provision now under consideration, it said: "The result is that the service of the demand having been made on the 10th, the plaintiff-had until and including the 20th to comply."

But this provision does not apply to this case. The defendant by serving his original answer did not thereby either give a notice or serve a paper "before an act is to be done," i. e., as preliminary to the doing of any act, or as a prerequisite step to the doing of any act. He simply responded to the plaintiff's summons, the mandate of the court, and joined issue with the complaint.

The second provision of section 798 is: "Where it is prescribed * * * that the adverse party has a specified time, after notice or service, within which to do an act." This provision applies to the present case. The defendant who serves his answer thereby affords occasion to the plaintiff to take such action thereupon as he may be advised, to reply, etc. At this stage the plaintiff is the adverse party who has afforded to him double the time prescribed by the Code or the rules of practice in case the service had been personal. Certainly the defendant, perforce of his original answer, is not an adverse party when he serves an amended answer. He may become an "adverse party," but only when, in sequence to some action of the plaintiff, he takes counter action. The term "adverse" is relative to the action of the other party. For these reasons, I am of opinion that the defendant could not double his own time. Armstrong v. Phillips, 60 Hun, 243, 14 N. Y. Supp. 582; Mr. Throop's note to section 798 in Throop's Code; Toomey v. Andrews, 48 How. Prac. 332, 336.

The precise question was presented in Armstrong v. Phillips, supra, where the General Term (Learned, P. J., and Mayham and Landon, JJ.) said, per Landon, J.:

"The defendant had but twenty days in which to serve his amended answer as of course. Section 542. He could not by serving his original answer by mail give himself double time in which to amend it. It was the adverse party, and not himself, who acquired double time. Section 798 and Throop's note."

Mr. Throop in his note (supra) says:

"Code Proc. § 412, amended so as to remove doubts as to its meaning. The original is not universally construed so as to allow forty days in which to answer a pleading served by mail, but a party cannot entitle himself to double time by serving his pleading in this way. See the section, and Toomey v. Andrews, 48 How. Prac. 332."

I think that the decision in Binder v. Metropolitan Street R. Co., 68 App. Div. 281, 74 N. Y. Supp. 54, which is expressly based upon Lesser v. Williams, supra, affirmed 119 N. Y. 639, 23 N. E. 1148, should not control this case. The question in those cases arose upon motion to change the place of trial. In Lesser's Case the General Term in the First Department held that the defendant who had served his demand by mail on October 10th moved seasonably on October 26th. This was right, because the plaintiff, perforce of service by the mail, had his time (five days) within which he could serve his written consent to the change doubled, and so he had until October 20th to comply with the demand. As the defendant could not move until 10 days thereafter, and then had 10 days to make his motion, the motion made on October 26th was timely. Section 986, Code Civ. Proc. Thus Brady, J., after referring to the first provision of section 798, said: "The result is that, the service of the demand having been made on the 10th, the plaintiff had until and including the 20th to comply." But the learned judge added, "and the defendant twenty days from that date to make a motion." Of course, this statement was unnecessary to the conclusion, for the Code gave the defendant 10 days absolutely, and the motion was made within 6 days. I regard the statement as obiter and incorrect. The Court of Appeals affirmed without opinion. As the result reached was right, and in no way dependent

upon this statement last quoted, we should not assume that such an affirmance was approval of this expression. Rogers v. Decker, 131 N. Y. 491, 30 N. E. 571.

The learned counsel for the respondent says that the argument that a party should not be "allowed to lengthen his own time by making service by mail overlooks the fact that in the interim the other party may amend his complaint or demur to the answer, and thereby shorten the time." The fact that the effect of a rule may, under certain circumstances, be obviated by the opposite party, is no cogent reason why the rule should exist. Suppose that the plaintiff has no good reason either to amend or to demur, what then? See, too, Toomey v. Andrews, supra, at page 336. Certainly I have not "overlooked" this fact, inasmuch as I have not dwelt upon the vice that such a rule if it existed was in every case beyond any counter move by the plaintiff.

Again, the learned counsel contends that "at any rate there is no hardship in allowing a party the right to amend so long as his adversary has the right to demur or to amend the pleading to which it was served." I think that there might be great hardship, for if this principle were to obtain, it might be argued therefrom that a defendant might properly be afforded 40 or 400 days to serve his amended answer, provided, only, that the plaintiff could thereupon and thereafter demur or amend. Presumably the plaintiff wishes to progress beyond the joinder of issue to the trial of his cause of action.

The cases cited by the respondent do not deal with the present statute. Washburn v. Herrick, 4 How. Prac. 15; Cusson v. Whalen, 5 How. Prac. 302; Evans v. Lichtenstein, 9 Abb. Prac. (N. S.) 141. These Special Term decisions are directly opposed to other decisions of the Special Term based upon the statute as it now reads. Ward v. Gillies, 11 N. Y. Supp. 797; Bucklin v. Buffalo, Attica & A. R. R. Co., 41 Misc. 557, 85 N. Y. Supp. 114.

The order should be reversed, but without costs.