PEOPLE ex rel. WERNER v. WEST SIDE BROTHERLY LOVE CONGREGATION & BENEFIT SOCIETY.

(Supreme Court, Special Term, New York County. June, 1906.)

PLEADING—TIME FOR ANSWERING OR DEMURRING.

The time within which to plead to a pleading served by mail begins to run from the date of mailing, and not from the date of the receipt thereof.

Application for mandamus by the people, on the relation of Alexander Werner, against the West Side Brotherly Love Congregation & Benefit Society. Motion by relator to compel respondent to accept service of a demurrer to the answer and return. Denied.

Jacob Klein, for relator.

Steur & Hoffman (Henry A. Friedman, of counsel), for respondent.

GIEGERICH, J. The respondent's answer and return to the alternative writ of mandamus, inclosed in a properly sealed postpaid wrapper, correctly addressed to the relator's attorney, was deposited in the post office in the borough of Manhattan, city of New York, on April 23, 1906, and was received by him through the mail on the following day. On June 4th the relator served a copy of his demurrer upon the respondent's attorneys, who returned the same with the indorsement that it was "not served in time." The relator's counsel claims that, since the answer and return was served by mail, his client had 40 days after it was received within which to serve the demurrer, and that service of the same on the day in question was on time. The respondent's counsel, on the other hand, contends that the relator's time to plead ran from the day of the mailing of the answer and return, and not from the day of its receipt, and that the demurrer was served too late.

This view is supported by the authorities. In Van Horne v. Montgomery, 5 How. Prac. 239, 240, it was held that the time of receiving a pleading "was not the service, but the time of mailing of it," and in Elliott v. Kennedy, 26 How. Prac. 422, 424, it was said that "the deposit in the post office is the service." The latter view was also entertained by the General Term of this department in Schwartz v. Linington, 18 N. Y. Supp. 879, 880, where the notice of trial was mailed, but not received by the attorney for the adverse party, and the court held that the fact that it was not received did not affect the right of the court to make an order of reference thereon. The authorities upon the question are thus summed up in 1 Rumsey's Practice (2d Ed.) p. 294: "The time under this section (798) begins to run from the day the paper is mailed and not from the day of its receipt."

The demurrer was served too late, and the motion to compel its acceptance should be denied, with $10 costs. Settle order on notice.