(53 Misc. Rep. 268)

### SECKEL et al. v. TANGEMANN.

(Supreme Court, Appellate Term. March 14, 1907.)

PLEADING—TIME FOR SERVICE—AMENDED PLEADING—SERVICE BY MAIL.
Code Civ. Proc. § 798, provides that the time which an adverse party is allowed in which to do an act after service shall be doubled if service is made through the post office. Section 542 provides that a pleading may be once amended of course at any time before the period for answering it expires. *Held*, that the time within which an amended answer may be served is not doubled if the original answer was served by mail.

Appeal from City Court of New York, Special Term.

Action by Thomas Seckel and another against Isabella E. Tangemann. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

John W. Browne, for appellant.
Fromme Bros., for respondents.

DAVIS, J. This action was brought to recover $1,694.76 as balance due for goods sold and delivered. The summons and complaint were served September 25, 1906, and the answer was served by mail October 1, 1906. An amended answer was served by mail October 11, 1906, but the plaintiff returned the amended answer as not having been served in time (six days). The defendant then made a motion to

compel plaintiff to accept the amended answer, upon the ground that her service of the original answer by mail gave her double time to serve an amended answer. This motion was denied, and the order was affirmed, without opinion, on appeal to the Appellate Term of this court in December, 1906. The question of the status of this amended answer also came up on an appeal from an order made at plaintiff's instance placing the case on the short-cause calendar. This appeal was heard at the November, 1906, term of this court, and the order was affirmed, without opinion. On both appeals this court was of the opinion that the amended answer had not been served in time, and that, therefore, a new note of issue and notice of trial were not required. The case came on for trial October 23, 1906. The defendant objected to the trial proceeding, because there had been no notice of trial served and no note of issue filed since the service of the amended answer. This objection of the defendant was overruled, and exception to the ruling was noted. In making this ruling the court evidently had in mind the two previous decisions of the same court (recently affirmed on appeal) to the effect that the amended answer had not been served in time. We refer to the order denying the motion to compel acceptance of the amended answer and to the order placing the case on the short-cause calendar upon the issue raised by the original answer. The plaintiffs proved their case, the defendant putting in no testimony, and a verdict was directed in their favor. The defendant appeals from the judgment entered on this verdict.

Although the defendant put in no testimony, she made specific and general objections to all of the testimony on the ground that the case was not properly before the court because of lack of note of issue and notice of trial subsequent to the service of her amended answer. Her objections were all overruled, and exception taken. After plaintiff had rested, the defendant offered to prove the facts connected with her service of the amended answer. Her offer was rejected, and exception taken. The amended answer was not made part of this record, and its contents are not before the court. But, whatever its contents, whether calling for a reply or not, it would not affect the question of its being served in time. We think the court was right in proceeding with the trial and in rejecting defendant's offer. Inasmuch as no opinion was written by this court on the two other appeals, it seems proper to state briefly its position on the question involved. The defendant claims to have doubled her time to serve the amended answer, because she served her original answer by mail. It is claimed that sections 798 and 542 of the Code of Civil Procedure, when read together, give a defendant who has served an original answer by mail double time to serve an amended answer. Section 798 reads in part as follows:

"Where it is prescribed in this act, or in the general rules of practice, * * * that an adverse party has a specified time, after notice or service, within which to do an act, if service is made through the post office, the time so required or allowed is double the time specified. * * *"

We have here a special provision for the benefit of the party served by mail, whose time to answer a pleading so served might otherwise be cut down through delay in the mails. The privilege of mailing is met by the privilege of double time to answer the pleading served by

mail. The necessity of some indulgence in the matter of time to the party served becomes apparent, in view of the fact that the time to answer the pleading begins to run from the day of mailing, and not from the receipt of the paper mailed. Van Horne v. Montgomery et al., 5 How. Prac. 238; Schlesinger v. Bank, 112 App. Div. 121, 126, 127, 98 N. Y. Supp. 136.

But the defendant contends that, having doubled the plaintiffs' time by mailing her amended answer, she thus doubles her own time to serve an amended answer. It is urged that such is the effect of section 542 of the Code. This section reads in part as follows:

"Within twenty days after a pleading, or the answer, demurrer or reply thereto, is served, or at any time before the period for answering it expires, the pleading may be once amended by the party, of course, without costs and without prejudice to the proceedings already had."

Defendant claims that plaintiffs' time to reply or demur to her answer had been lengthened to 12 days, and that, as she served her amended answer on the eleventh day, she thus served it at "a time before the period for answering it expired." We think such a construction of these two sections is at variance with the intention of the Legislature as expressed in section 798. The main purpose of that section was to relieve a party served from being put to a disadvantage by the mailing of his opponent's pleading. Now, if that opponent can double his own time also by simply mailing his pleading to his adversary, the equality established by section 798 is destroyed, with the advantage again in favor of the mailing party. The whole purpose of the provision in section 798 is thus frustrated. In harmony with this view we find the case of Armstrong v. Phillips, 60 Hun, 243, 14 N. Y. Supp. 582, in which the court say:

"The defendant had but 20 days in which to serve his amended answer as of course. Section 542. He could not, by serving his original answer by mail, give himself double time in which to amend it. It was the adverse party, and not himself, who acquired double time."

The same view was held by Mr. Throop, who in his note to section 798 says that a party cannot entitle himself to double time by serving his pleading in this way. There are other authorities setting forth views contrary to those expressed above. See Schlesinger v. Bank, 112 App. Div. 121, 98 N. Y. Supp. 136. Under the circumstances, we have adopted the view that the amended answer in this case was not served in time, and that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.