Joseph Schlegel et al., Appellants, *v.* The Roman Catholic Church of the Most Holy Trinity et al., Respondents.

**Process — time within which amended pleading may be served.**

The service of an original pleading by mail operates to give the party serving it double time, or forty days, in which to serve the next pleading authorized by the Code. An amended pleading may be served by the party serving the original pleading at any time before the time allowed his opponent to further plead has expired; that is, twenty days if service is personal; forty days, when such service is by mail.
*Schlegel* v. *Church of Holy Trinity*, 127 App. Div. 929, affirmed.

(Argued February 9, 1909; decided February 23, 1909.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered September 28, 1908, which affirmed an order of Special Term requiring the plaintiffs to receive an amended answer.

The following question was certified :

" Was the defendant church entitled in this case to serve, as of course, its amended answer to the plaintiffs' amended complaint thirty-eight days after it had served by mail its original answer to plaintiffs' amended complaint? "

*James E. Finegan* and *F. G. Dunham* for appellants. The amended answer of the defendant church was not served in time, and was properly returned by plaintiffs' attorney. (Code Civ. Pro. § 542.) The defendant cannot, without respect to the character of the answer already served, double its own time to amend its answer by service through the post office. (*Toomey* v. *Andrews,* 48 How. Pr. 332 ; *Armstrong* v. *Phillips,* 60 Hun, 243 ; *Schlessinger* v. *Borough Bank,* 112 App. Div. 121.) The defendant should not be permitted to extend his own time to serve an amended answer by serving his original answer by mail. (*Armstrong* v. *Phillips,* 60 Hun, 243 ; *Steckel* v. *Tangeman,* 53 Misc. Rep. 268.)

*Thomas F. Magner* and *John F. Carew* for respondents.

HAIGHT, J. The original answer in this case was served by mail. Thirty-eight days thereafter the amended answer was served. The order appealed from required the plaintiffs to accept it. The question presented is as to whether the defendants had twenty or forty days within which to serve their amended answer. The courts below have, from time to time, differed in their construction of the provisions of the Code upon the subject and the chief importance of this review is to have the question finally settled so that attorneys may know just the time within which they must make service of an amended pleading. Soon after the adoption of the Code of Procedure it was held that the defendant in such a case had forty days within which to make service of his amended answer, but in *Armstrong* v. *Phillips* (60 Hun, 243), LANDON, J., in considering the provisions of section 798 of the Code of Civil Procedure, said that the defendant could not, by serving his original answer by mail, give himself double time within which to amend it. Again, the question was raised in *Schlesinger* v. *Borough Bank of Brooklyn* (112 App. Div. 121), in which HIRSCHBERG, P. J., reviewed the authorities upon the subject and reached the conclusion that while section 798 of the Code was only intended to give a

party upon whom service of a paper had been made through the post office double time in which to reply thereto, yet under the provisions of section 542 where the paper so served was a pleading in an action, an amendment thereto could be served at any time before the period for answering it by his opponent had expired. The provisions of this section, so far as now material, are as follows: " Within twenty days after a pleading, or the answer, demurrer or reply thereto, is served, or at any time before the period for answering it expires, the pleading may be once amended by the party, of course, without costs and without prejudice to the proceedings already had." The contention of Justice HIRSCHBERG, as we understand it, is to the effect that the service of the original pleading by mail operates to give the party upon whom the service is so made double time, or forty days, within which to serve the next pleading which is authorized by the Code, and that under section 542 the amended pleading may be served as a matter of course in any event within twenty days, or at any time before the period allowed his opponent for answering the original pleading has expired. After some hesitation we have finally concluded to adopt this construction of these provisions of the Code.

It is now contended on behalf of the appellants that an exception should be made in this case. The plaintiffs had served an original complaint and an amended complaint before the defendants had served their original answer. The only pleading, therefore, that was available to the plaintiffs after the receipt of the original answer was that of a demurrer or reply. It is their contention that the original answer in this case was a general denial of the allegations of the complaint; that it was not demurrable, and that no reply was authorized or required. We fully recognize the force of their contention in this regard, but we are not inclined to entertain questions as to the validity of a pleading, or as to whether a demurrer thereto would be sustained or overruled, upon motions of this character. It would render the practice exceedingly complicated, and make the time within which a pleading must be

served depend upon the question whether a demurrer to a pleading would or would not be sustained. Ample provisions are contained in the Code for the trying of demurrers, and we think it better practice to reserve the determination of such questions until they arise in the ordinary way.

The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed.