(63 Misc. Rep. 181.)

## WOOD v. ORDWAY.

(Supreme Court, Special Term, Fulton County. April, 1909.)

PLEADING (§ 231*)—SERVICE OF AMENDED ANSWER.

Where defendant served an amended answer by mail 37 days after the mailing of the original answer, it is in time, and a motion thereafter made for judgment on the original answer as frivolous will be denied.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 595; Dec. Dig. § 231.*]

Action by Eugene S. Wood against Portus R. Ordway. Motion by plaintiff for judgment on answer as frivolous.

Archie C. Taylor, for the motion.

Clarence W. Smith, opposed.

SPENCER, J. The facts upon which this motion rests were admitted by counsel upon the argument and are also set forth in their briefs. The complaint was served personally on the 21st day of January, 1909. The answer was served on February 9, 1909, by mail. An amended answer was served by mail March 18, 1909, 37 days after the mailing of the original answer. On March 19, 1909, the plaintiff returned the amended answer indorsing the same "Not served in time." On the 21st of March, 1909, the plaintiff moved for judgment.

It was contended by the plaintiff that the answer, although served by mail, did not give double time to serve the amended answer. There has been considerable confusion in relation to this subject, as will appear from the case of Schlesinger v. Borough Bank, 112 App. Div. 121, 98 N. Y. Supp. 136, in the Second Department, and the case of Seckel v. Tangemann, 53 Misc. Rep. 268, 103 N. Y. Supp. 77, in the First Department. The Court of Appeals, however, seems to have recently settled the vexed question by deciding in favor of the doctrine held in the Second Department—that double time is allowed. Schlegel v. Roman Catholic Church, 194 N. Y. 391, 87 N. E. 426; Bench and Bar, March, 1909, p. 89.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In view of these decisions, it must be held that the amended answer in this case was served in time, and that the plaintiff was not justified in moving for judgment. The original answer, although inartificial and certainly not in full conformity with subdivision 1, § 500, Code Civ. Proc., must, under the authority of Bennett v. Leeds Manufacturing Co., 110 N. Y. 150, 17 N. E. 669, be regarded as sufficient. The motion therefore is denied, with costs.

Motion denied, with costs.