JACKSON & PERKINS COMPANY, Respondent, v. THE ROSE FAIR, INC., Appellant.— Order denying motion to change venue affirmed; order denying motion to vacate default judgment reversed on the law and motion granted with leave to the defendant to serve its answer within ten days after service of a copy of the order herein; appeal from order denying reargument and resettlement dismissed as academic, without costs of these appeals to either party. Memorandum: The order denying appellant's motion for a change of venue should be affirmed. The order denying appellant's motion to vacate judgment entered by default should be reversed and the motion to vacate said judgment should be granted with leave to appellant to serve its answer within ten days. lt appears that appellant, prior to the entry of said judgment and within the twenty days allowed by section 263 of the Civil Practice Act, for service of an answer, served its answer by mail. The time of mailing the answer and not the time of its receipt constitutes the service. (*Radcliff* v. *Van Benthuysen*, 3 How. Prac. 67, cited with approval in *Hurley* v. *Olcott*, 198 N. Y. 132; *Van Horne* v. *Montgomery*, 5 How. Prac. 238; *Elliott* v. *Kennedy*, 26 How. Prac. 422; *Matter of Werner* v. *West Side Brotherly Love Cong. & Benefit Soc.*, 51 Misc. 82; see, also, *Anthony* v. *Schofield*, 265 App. Div. 423; Rules Civ. Prac., rule 20.) In view of the disposition herein made, the appeal from the order denying reargument and resettlement of the orders denying appellant's motions to vacate the default judgment and for a change of venue should be dismissed as academic. No costs are allowed to either of the parties to these appeals. All concur. (Appeal from two orders of Wayne Special Term, WARNER, J., (1) denying defendant's motion to vacate a default judgment; and (2) denying defendant's motion to change the place of trial from Wayne County to Suffolk County or, in the alternative, to New York County; also appeal from order of Wayne Special Term, HENRY, J., denying defendant's motion for reargument of the first two motions, and for resettlement of the orders, in an action to recover the balance alleged to be due on purchase price of merchandise sold and delivered to defendant.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

BERNARD EHRLICH, Respondent, v. WESTWOOD PHARMACEUTICAL CORPORATION, Defendant, and WESTWOOD PHARMACAL CORPORATION et al., Appellants.— Order insofar as appealed from affirmed, with $10 costs and disbursements. All concur. (Appeal from part of an order granting part of plaintiff's motion for a further examination of defendants before trial.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

In the Matter of THOMAS PISCITELL et al., Doing Business as PISCITELL BLOCK CO., Respondents, against THOMAS CACCAMO et al., Appellants.— Order affirmed, with $10 costs and disbursements. (See Lien Law, § 12-a, and *Matter of Thomas J. Dorsey, Inc.*, 240 App. Div. 1005.) All concur. (Appeal from an order amending a notice of lien *nunc pro tunc* so as to change the description of certain real property.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

EDWARD ALMGREEN, as Administrator of the Estate of LUCY ALMGREEN, Deceased, Respondent, v. TRUSTEES OF VILLAGE OF BATH et al., Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., McCurn, Kimball and Piper, JJ. [See *ante*, p. 737.]