D. Ormonde Ritchie, J.
The defendant County of Suffolk makes this motion for an order vacating and setting aside the notice of claim served by the plaintiffs and dismissing the complaint herein on the ground that service of the notice of claim was not timely and that only one copy thereof instead of two copies was served upon the chairman of the board of supervisors and the county attorney of the defendant county. Failure to serve more than one copy of the notice of claim is an irregularity that may be corrected by motion (General Municipal Law, § 50-e, subd. 6). While such a motion has not been made by plaintiffs, this court is inclined to deny the relief sought by defendant until there is a showing that prejudice has resulted from a failure to serve the required copies in duplicate. Failure to serve a notice of claim in the manner and within the time limit prescribed therefor by subdivisions 1 and 3 of section 50-e without an order granting an extension of time to serve such notice would be fatal to plaintiffs ’ actions. In order that the determination of this court on the issue of timeliness of service is more readily comprehensible, a brief resume of the facts and the procedure by plaintiffs is warranted. The injury giving rise to the actions was allegedly sustained on July 15, 1957. On October 12, 1957, the attorney for plaintiffs deposited notices of claim by registered mail in a branch post office at Queens Village, New York, addressed to the chairman of the board of supervisors and the County Attorney of Suffolk County. The number of days between July 15 and October 12, inclusive of both dates, is 90. The defendant county asserts that the notices of claim were received by the respective county officers to whom addressed 91 and 92 days after the claim arose and that such service was not timely within the provisions of section 50-e which directs that notice of claim shall be given within 90 days after the claim arises. Section 50-e permits an optional manner of service of a notice of claim. It may be served personally or by registered mail. If service within the section is effected on the date of deposit by registered mail then the notices served by *840 plaintiffs were timely. If the date of receipt governs, then the service was not timely. This court is inclined toward the view that service was effected on the date of mailing and not on the date the notices were received. Rule 20 of the Rules of Civil Practice permits the service of papers and notices in actions or special proceedings, where the manner of service is not otherwise specifically prescribed by statute, to be made by mail. While the notice required to be served by section 50-e is not 1 ‘ A notice or other paper in an action ’ ’ as contemplated in rule 20, the courts of this State have held the mailing of a notice or paper, before the expiration of the time for service thereof, to be timely (Van Horne v. Montgomery, 5 How. Prac. 238; Elliott v. Kennedy, 26 How. Prac. 422). To hold otherwise would bar prosecution of a claim where proper notice thereof was only mailed ten days after the claim arose but through a possible and unforeseen delay in the mail delivery thereof was not made until after the expiration of the 90-day time limitation. Since section 50-e permits service of a notice of claim to be made by mail, it must be held that service is effected on the date of mailing and not on the date of receipt of the notice.
The motion is denied.