ULRICH LESSER, Appellant, *v.* SARAH A. WILLIAMS, Respondent.

*N. Y. Supreme Court, First Department, General Term, March* 29, 1889.

*Venue. Service of Notice*—A service, by mail, of a demand to change the place of trial doubles plaintiff's time in which to serve consent, and the defendant has twenty days from the expiration of such increased time, to make a motion to compel the change.

Appeal from an order changing the venue.

*M. A. Lesser,* for appellant.

*Wm. J. Lardner,* for respondent.

BRADY, J.—The motion to change the venue was predicated of the allegations that the plaintiff, at the time the action was commenced, was, and still continued to be, a resident of Hoboken, in the state of New Jersey, and that the defendant was a resident of Plattsburgh, Clinton county, in this state.

It appears that the defendant served with her answer, on the 10th day of October, 1888, under section 986, a demand in writing that the action should be tried in the county of Clinton, in this state, that being the proper county for the trial, and that the place of trial be changed accordingly. These papers were served by mail. The plaintiff not hav-

ing consented to a change of venue, on the 26th of October, 1888, a notice of motion to change the venue to Clinton county was served personally, and the motion was granted; hence this appeal.

The appellant asks for the reversal of the order upon the propositions, that the right of removal being in derogation of the common law, is purely statutory, and the provisions relating thereto must, therefore, be strictly followed. And, inasmuch as the Code requires the service of notice of motion to compel the change to be made within ten days after the expiration of the five days after demand made, the service of the notice of the motion on the 26th of October was not within the time permitted for that purpose, Several auxiliary propositions are spread upon the appellant's brief, which are intended to make the main contention more irresistible, but the difficulty which at once suggests itself arises from the language of section 798 of the Code, and which renders the discussion of any other suggestion unnecessary, and which is that, where it is prescribed in the Code or in the general rule of practice, that a notice must be given, or a paper must be served, within a specified, time before an act is to be done, or that the adverse party has a specified time after notice or service within which to do an act, if service is made through the post office, the time so required or allowed is double the time specified—except that the service of the notice of trial may be made through the post office not less than sixteen days before the day of trial, including the day of service, and this phraseology seems to have been adopted for the express purpose of removing all doubts as to cases arising under section 412 of the Code of Civil Procedure, of which it is an amendment, and contains, as we have seen, but one exception. See Throop's Code, p. 336.

There can be no doubt of its application to this case, for the reason that it is expressly provided that, if the adverse party has a specified time after notice or service within

which to do an act, it is doubled where the papers are properly served by mail.  The result is that the service of the demand having been made on the 10th, the plaintiff had until and including the 20th to comply, and the defend, ant *twenty* days from that date to make a motion.  For these reasons, it is quite apparent that the motion was in due time, and that the order  appealed  from  must be affirmed.

Ordered accordingly, with  ten dollars costs and disbursements.

VAN BRUNT, Ch. J., and DANIELS, J., concur.