question of fact as to Hirsch's agency to the jury. That he was surprised by the testimony adduced by the defendants is quite probable. And that surprise was entirely natural. While the testimony given by the defendants may have been admissible under the pleadings, it was not testimony that a practitioner of ordinary prudence could have anticipated. The defendants had admitted in their answer the ownership of a horse and wagon as averred in the complaint. They had apparently denied only the negligence of their servant with regard to the driving of such horse and wagon. And yet, analytically considered, the denial doubtless covered the agency as well. Almost any one, however, even the most skilled in the profession, might have been deceived by the form and tenor of such an answer. There was no affirmative plea as to the arrangement with Hirsch,—nothing to call the plaintiff's attention to the defense really contemplated on that head. If the plaintiff's counsel upon the offer of the defendants' evidence, or after it was put in, had made known his predicament to the learned judge, doubtless he would have been relieved. An adjournment might have been granted, or leave given to withdraw a juror. But nothing of the kind was requested. There was no suggestion of surprise. The counsel relied upon his affirmative proof, and seemingly took his chances upon the ruling of the court. The rule is well settled that a plaintiff who is surprised by evidence which he is not prepared to rebut should move for an adjournment or for leave to withdraw a juror; otherwise, he is not entitled to a new trial on the ground of surprise. Baylies, New Trials & App. 531, and cases there cited; Messenger v. Bank, 6 Daly, 190; Soule v. Oosterhoudt, 20 Wkly. Dig. 67; Glendening v. Canary, 5 Daly, 489, affirmed in 64 N. Y. 636. It is true that this rule is not inflexible, as where reliance is placed upon statements made by the defendant's counsel before the trial. Unfortunately for the plaintiff, however, nothing whatever is here shown to justify a departure from the general rule. It is true that the plaintiff's attorney was informed by one of the defendants prior to the trial that their defense would be that the injuries sustained by the plaintiff were caused by the act of a furniture van and the child's own negligence. No statement, however, was made upon the subject of their relations with Hirsch, nor did they avowedly limit their defenses to those disclosed. The plaintiff's counsel was certainly not prevented by any statement of the defendants from at least proclaiming his surprise upon the trial, if, in fact, he was then surprised."

The case at bar was carefully tried before a judge of wide experience and recognized ability. The defendant was deprived of no legal right. It made no objection to the submission of the controversy to the jury upon such evidence as it had, and the verdict rendered is by no means large enough to suggest prejudice or sympathy. It is true, as stated by the learned trial justice, that "upon a new trial, if the claim of the plaintiff is right, she can maintain successfully her demand for damages to their full extent"; but, in the absence of any good legal ground for such a course, she should not be compelled to endure the exposure of a second trial, with its incidental expenses and annoyance. The order should be reversed, and judgment directed upon the verdict.

Order reversed, with costs, and judgment directed upon the verdict, with costs. All concur, except WOODWARD and JENKS, JJ., who dissent.

(68 App. Div. 281.)

### BINDER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

**1. CHANGE OF VENUE.**

Under Code Civ. Proc. § 984, requiring an action to be tried in the county in which one of the parties resided at the commencement thereof, change of venue was improperly denied the defendant where three affidavits, showing that defendant was not a resident of the county, and

did not own property therein, and that plaintiff was not a resident of the county at the commencement of the action, were read in support of the motion, though plaintiff's attorney made affidavit on information and belief that plaintiff was a resident of such county, but not alleging the source of the information.

**2. TIME FOR MOVING THEREFOR.**

Code Civ. Proc. § 986, requires a defendant desiring change of venue to serve a demand therefor with his answer, and, if the plaintiff does not serve his written consent within 5 days after service, the defendant's attorney may, within 10 days after that, serve notice of motion to change the place of trial. Section 798 prescribes that, when a notice must be given or paper served within a specified time before an act is to be done, double the time specified is allowed if service is made by mail. *Held*, that a motion for change of place of trial made on October 7, 1901, was made in time when the service of the demand for such change, with the answer, was made by mail on September 6th and October 6th fell on Sunday, which was excluded by Laws 1892, c. 677, § 27.

**3. SAME—MOTION NOT BARRED BY FORMER ORDER.**

A motion for a change of place of trial is not barred by an order requiring the plaintiff to disclose his address made on the hearing of an order to show cause why plaintiff should not make such disclosure, or, in default thereof, why an order would not be made changing the place of trial

Appeal from special term, Kings county.

Action by Issy Binder, an infant, by Solomon Binder, guardian ad litem, against the Metropolitan Street Railway Company. From an order denying defendant's motion for change of venue, the defendant appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Theodore H. Lord (Walter H. Gilpatrick, on the brief), for appellant.

Abraham B. Schleimer, for respondent.

HIRSCHBERG, J. The defendant was entitled to a change of the place of trial upon the merits of the motion by the terms of section 984 of the Code of Civil Procedure. The venue is laid in the county of Kings, and the defendant, a domestic corporation, does not, and never did, transact business in that county. Three affidavits were read upon the motion, each tending to establish the fact that the plaintiff at the time of the commencement of the action resided in the county of New York. The plaintiff made no affidavit to the contrary, but his attorney made affidavit that he was informed and believed that the plaintiff at that time resided in the county of Kings. The source of information is not disclosed, but manifestly no information and belief, generally expressed, could overcome the specific and undisputed facts as to the plaintiff's residence set forth in the moving affidavits. The right to the change of the place of trial was therefore absolute, unless the defendant had lost it by laches, prior adjudication, or in some other way.

The plaintiff insists that the application was made too late. The summons and complaint were served on the 16th day of August, 1901. The defendant served with its answer on the 6th day of September, 1901, under section 986 of the Code of Civil Procedure, a

demand in writing that the action should be tried in the proper county. These papers were served by mail. The plaintiff not having consented to the change, the motion was made by the service of the motion papers on October 7, 1901. The motion was in time. It is true that by the terms of section 986, supra, the plaintiff has 5 days after the demand to consent to the change, and the defendant may move within 10 days after the expiration of the period of consent; but where service is by mail the time specified is doubled by virtue of section 798 of the Code of Civil Procedure. That the provisions of that section apply to the time limited to the plaintiff to consent, as well as to the defendant's subsequent motion, was expressly held in Lesser v. Williams, 52 Hun, 610, 5 N. Y. Supp. 97, and affirmed in 119 N. Y. 639, 23 N. E. 1148. The defendant accordingly had until October 6, 1901, to make the motion; and that day, falling on Sunday, was excluded in the computation by the statutory construction law. Laws 1892, c. 677, § 27. It follows that the motion made on October 7, 1901, was timely.

The plaintiff further insists that the defendant is bound by a former adverse adjudication. It appears that the defendant, on September 30, 1901, obtained an order of the special term requiring the plaintiff to show cause why he should not furnish the defendant with a verified statement of his address, or, in default thereof, why an order should not be made removing the action to the county of New York. On October 2, 1901, on the return of the order to show cause, the court directed the required disclosure of the plaintiff's address, but refused to grant the alternative relief. The order did not preclude the defendant from making the motion now under consideration. The change of the place of the trial was then sought as a penalty for the plaintiff's anticipated default, and its denial was no bar under the circumstances disclosed to a subsequent application as a matter of right.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with costs to the defendant to abide the event. All concur.