## STATE BOARD OF PHARMACY v. RHINEHARDT.

(Supreme Court, Appellate Division, First Department.    December 14, 1906.)

VENUE—CHANGE—PROCEEDINGS—NOTICE OF MOTION—TIME.

 Code Civ. Proc. § 983, provides that an action to recover a penalty must be brought in the county where the cause of action arose. Section 986 provides that, where defendant demands that the action be tried in the proper county, his attorney must serve on plaintiff's attorney a written demand accordingly, and if plaintiff's attorney does not serve his written consent to the change, as proposed by defendant, within five days after service of the demand, defendant's attorney may, within ten days thereafter, serve notice of a motion to change the place of trial. Section 798 provides that where the adverse party has a specified time after notice or service within which to act, if service be made through the post office, the time so required is double the time specified. In an action to recover a penalty, commenced in a county other than that in which the cause of action arose, defendant served by mail a demand for a trial in the latter county. No consent to the change for the place of trial was served. The attorney for defendant, relying on a decision of the Appellate Division and believing that he had double time, served a notice of motion to change the place of trial at a time when it would have been timely, provided that defendant had double time. *Held* that, irrespective of the effect of the decision referred to, it was error under the circumstances to have denied defendant's motion to change the place of trial.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 94–99.]

 Ingraham, J., dissenting.

Appeal from Special Term, Nassau County.

Action by the State Board of Pharmacy against Morris Rhinehardt. From an order denying a motion to change the place of trial, defendant appeals. Reversed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

John Lyon, for appellant.
Hieronimus A. Herold, for respondent.

LAUGHLIN, J. The action is brought pursuant to the provisions of subdivision 4, § 201, c. 667, p. 1483, of the Laws of 1900, to recover

penalties for alleged violations of said act. Five causes of action are set forth in the complaint. Each alleges the violation of the statute by the defendant as the proprietor of a store at Inwood, in the town of Hempstead, Nassau county, N. Y., in selling or permitting to be sold at retail, without the supervision of a licensed pharmacist, drugs and medicines of a nature and description not permitted by law to be sold without such supervision. On the 14th day of August, 1906, the answer of the defendant was served by mail, together with a demand in writing that the trial of the action be changed from the county of New York to the county of Nassau; that being the proper county for the trial of the issues. Upon the conceded facts each of the causes of action arose in the county of Nassau, and by section 983 of the Code of Civil Procedure the Legislature has commanded that such an action be tried in the county where the cause of action arose. The impropriety of compelling a party to be tried for a penalty in any county other than that in which the cause of action arose is manifest.

It is claimed, however, that the defendant has lost his right to a trial in the county in which he resides, and in which it is claimed he committed the offenses, by his failure to make the motion for a change of venue within the time prescribed by section 986 of the Code of Civil Procedure. The demand having been served by mail, the attorney for the plaintiff, by virtue of the provisions of section 798 of the Code of Civil Procedure, was entitled to double the time prescribed in said section 986 within which to serve his written consent to the change of the place of trial. No consent for the change of the place of trial was served. The attorney for the defendant, then, instead of serving the notice of motion to change the place of trial within ten days after the expiration of the time allowed by law to the attorney for the plaintiff to serve his written consent to the change, relying upon the decisions of Lesser v. Williams, 52 Hun, 610, 5 N. Y. Supp. 97, and Binder v. Metropolitan Street Railway Company, 68 App. Div. 281, 74 N. Y. Supp. 54, believed that the defendant had double time also, and served the notice of motion on the 10th day of September, 1906, which would have been timely, provided that the defendant, by reason of having served the demand by mail, had double time to make the motion after the expiration of the time allowed to the attorney for the plaintiff to file his consent to the change of the place of trial. In the Lesser Case the motion for a change of place of trial to the proper county was made by the defendant within ten days after the expiration of the ten days allowed to the attorney for the plaintiff by reason of the demand having been served by mail to consent to a change of the place of trial, and it is evident that the statement of the court in that case that the defendant also had double time within which to make the motion was either inadvertent or obiter dictum. In the Binder Case the court merely followed the inadvertent or obiter remarks of the court in the Lesser Case, without discussion.

It is urged that the rule is erroneously stated in those cases, for the reason that it was the manifest intention of the Legislature, by section 798, where a notice or paper, other than a notice of trial, is served by mail, to give double time to the adverse party only. There is force

in this suggestion, and it is evident from the prevailing opinion in Schlesinger v. Borough Bank of Brooklyn, 112 App. Div. 121, 98 N. Y. Supp. 136, decided by the same court in which the Binder Case was decided, that the correctness of the decision in the Binder Case is doubted. The decision in the Schlesinger Case is not in point. It was there merely decided that where an answer to which the plaintiff might reply is served by mail, since the plaintiff would have double time within which to serve a reply, the defendant has double time within which to serve an amended answer as of course, by virtue of the provisions of the statute which allows one amendment of a pleading as of course within the time given to the adverse party to plead thereto. It is not essential, however, in the case at bar, that we follow or decline to follow the decision in the Binder Case. It is evident that the attorney for the defendant relied thereon, and that should be regarded as a sufficient excuse for his failure to make the motion within ten days after the expiration of the period allowed to the attorney for the plaintiff to act upon the demand for a change of the place of trial. In this class of cases the court has inherent power, even though the motion may not have been made within the statutory time, to change the place of trial to the proper county (McConihe v. Palmer, 76 Hun, 116, 27 N. Y. Supp. 832), and we are of opinion that this is a case in which that power should have been exercised.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion for change of place of trial granted, without costs.

PATTERSON, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, J. (dissenting). I dissent. I know of no public policy which requires an action for a penalty to be tried in the county in which the parties reside, rather than in an adjoining county. The defendant had the right to have the place of trial changed to the proper county, but to enforce that right he was required to serve the notice required by section 936 of the Code of Civil Procedure, and when he failed to serve such notice he lost his right to have the place of trial changed as a matter of right. I think it clear that in this case, as appears to be conceded by the prevailing opinion, the notice was not served in time. Undoubtedly the time within which the plaintiff was bound to serve the stipulation to change the place of trial was double the time required where the demand was personally served; but, when that double time had expired, the defendant's attorney was required to move within ten days thereafter. As the defendant has lost his right to move as a matter of right, the question as to whether the place of trial should be changed as a matter of discretion was not present, as the motion was made as a matter of right, and there were no facts stated to justify the court in exercising its discretion.

I think, therefore, the order should be affirmed.