THE PEERLESS MOTOR COMPANY, Respondent, *v.* GEORGE K. HAMBLETON, Appellant.

First Department, February 4, 1927.

**Trial — change of place of trial — time within which defendant may apply — plaintiff is foreign corporation and defendant is resident of Erie county — copy of complaint was served on July 9, 1926, with venue laid in New York county — on July 9, 1926, defendant made by mail formal written demand for change of place of trial to Erie county — motion made on July 30, 1926, was timely, under Rules of Civil Practice, rule 146, and Civil Practice Act, § 164.**

In an action by a foreign corporation against a resident of Erie county in this State, in which a copy of the complaint was served on July 9, 1926, with venue laid in New York county, a motion made on July 30, 1926, to change the place of trial from New York county to Erie county, was timely, under rule 146 of the

Rules of Civil Practice and section 164 of the Civil Practice Act, since it appears that on July 9, 1926, the defendant made, by mail, a formal written demand for a change of the place of trial to Erie county. By reason of the fact that the demand was made by mail the plaintiff had, under section 164 of the Civil Practice Act, three days in addition to the five days prescribed by rule 146, in which to consent to the demand, and, therefore, until the expiration of that time the defendant could not move for a change of the place of trial, and the same rule applies to the time in which the defendant might move for a change of place of trial, so that he had, under section 164 of the Civil Practice Act, three days in addition to the ten days given by rule 146 in which to make his motion.

APPEAL by the defendant, George K. Hambleton, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of September, 1926, denying defendant's. motion to change the place of trial from New York county to Erie county as a matter of right, and also from an order entered in said clerk's office on the 13th day of November, 1926, denying defendant's motion to resettle the original order so as to recite that the defendant's attorney on the argument sought to present replying affidavits which were rejected by the court over plaintiff's objection.

· *Henry Adsit Bull* of counsel [*Bull, Roberts & Hart,* attorneys], for the appellant.

*Joseph M. Herzberg* of counsel [*Jacob J. Platzman* with him on the brief], for the respondent.

MERRELL, J. The only question involved upon this appeal is as to whether the defendant's motion to change venue was timely made. The plaintiff is a foreign corporation, organized and existing under the laws of the State of Ohio. The defendant, at the time of the commencement of the action, was a res'dent of the county of Erie, in the State of New York. The plaintiff brought this action to recover upon a promissory note made by the defendant for $947.35. The note was made payable to the order of the Peerless Motor Company, New York Branch, and was given to secure the balance of the purchase price of an automobile purchased by the defendant. The plaintiff laid the venue of the action in New York county. The plaintiff being a non-resident corporation and the defendant being the only party residing in the State of New York, the proper place of trial was in the county of Erie, and if the defendant made timely application for a change of venue the court at Special Term should have granted his motion. The summons was personally served upon the defendant on June 11, 1926. On June 25, 1926, the defendant appeared by attorney, serving a notice of appearance by mail upon the attorney for the plaintiff. A copy of the plaintiff's complaint, verified by its

treasurer at the city of Cleveland on July 6, 1926, was served upon the attorney for the defendant three days later by mail. Immediately upon receipt of the plaintiff's complaint, the attorney for the defendant wrote the plaintiff's attorney, calling attention to the fact that the plaintiff was an Ohio corporation and the defendant a resident of Erie county, N. Y., and inclosing a formal written demand for change of place of trial on that ground to the county of Erie. The defendant's attorney also suggested a settlement of the action. The plaintiff did not consent to the change of venue demanded by the defendant. On July twenty-first the attorney for the defendant again wrote the plaintiff's attorney calling attention to the fact that the change of venue demanded was a matter of absolute right, and asking to be advised if the plaintiff would consent to such change, thus avoiding the labor of a motion by the defendant. The defendant's attorney also asked a short extension of time in which to answer the plaintiff's complaint. The attorney for the plaintiff delayed until July twenty-seventh, when he returned to the defendant's attorney the stipulation extending the defendant's time to answer, and stating in a letter accompanying the same that if settlement was not effected he intended to oppose the defendant's application for a change of venue. The letter from the plaintiff's attorney was received by defendant's attorney on July 28, 1926. It was not until July 30, 1926, that the defendant moved the court for an order changing the venue of the action from New York county to Erie county. The court at Special Term denied the defendant's application for a change of venue, holding that under rule 146 the defendant's motion was too late.

We are of the opinion that under the Rules of Civil Practice and the provisions of the Civil Practice Act the defendant's motion was made in due time, and that the Special Term should have granted the defendant's application for change of venue. Rule 146 of the Rules of Civil Practice provides that if the defendant in an action in the Supreme Court demand that the action be tried in the proper county, his attorney must serve on the plaintiff's attorney with the answer or before service of the answer, a written demand accordingly. The demand must specify the county where the defendant requires the action to be tried. Rule 146 then provides: " * * * If the plaintiff's attorney fail to serve his written consent to the change as proposed by the defendant within five days after service of the demand, the defendant's attorney, within ten days thereafter, may serve notice of a motion to change the place of trial."

The plaintiff's complaint was served by mail upon the defendant's

attorney, and was received by him on July 9, 1926. Section 164 of the Civil Practice Act provides that where it is prescribed by statute or in the Rules of Civil Practice that a notice must be given or a paper must be served within a specified time before an act is to be done; or that an adverse party has a specified time after notice or service within which to do an act; if service is made through the post office, pursuant to statute or rule, three days shall be added to the time specified, except in the case of the service of a notice of trial by mail. The demand of the defendant for a change of venue, having been served by mail on July 9, 1926, under the provisions of rule 146 above quoted, the plaintiff's attorney had five days, and under section 164 of the Civil Practice Act he had an additional three days by reason of the service upon him of defendant's demand by mail, within which to serve his written consent to the change as proposed by the defendant. The defendant's attorney could not have moved for a change of venue until July 18, 1926. We think that the defendant's demand to change venue, having been served by mail, the plaintiff's time to consent thereto, as provided by rule 146, was, pursuant to section 164 of the Civil Practice Act, extended by three days, and we are also of the opinion that under section 164 of the Civil Practice Act the defendant's time to move under said rule 146 was extended by three days. Our view in this respect is sustained by the decision of the General Term, First Department, in *Lesser* v. *Williams* (52 Hun, 610; 23 N. Y. St. Repr. 396; affd., 119 N. Y. 639) and by the decision in *Binder* v. *Metropolitan St. R. Co.* (68 App. Div. 281). The *Binder* case cited and followed the *Lesser* case, decided by the General Term in this Department. The *Binder* case was decided in the Second Department, and we think it sound in principle, and that by the service of defendant's demand for change of venue by mail, not only was the plaintiff's time to consent thereto extended by three days, but the defendant's time, under rule 146, was likewise extended to the same extent. Therefore, the defendant's motion for change of venue was made in due time, and the court at Special Term erred in denying the same.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the defendant's motion granted, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Order entered September 9, 1926, reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; order entered November 13, 1926, affirmed.