VINCENZO NICOLETTO, NICHOLAS LOSCALZO and JOSEPH FLORIO, Appellants, v. PETTIT SUPPLY CORPORATION OF HUNTINGTON, Respondent.— Order granting motion to change the place of trial of an action from Kings county to Suffolk county affirmed, with ten dollars costs and disbursements. The sole ground upon which this motion was predicated, as shown by the notice of motion, was that the defendant was entitled to change of venue pursuant to subdivision 9 of section 183 of the Civil Practice Act. We are of opinion that the relief sought by the defendant in its counterclaim brings the action within the scope of the statutory provisions. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GIUSEPPE LUCIDO, Appellant.— Judgment of the County Court of Kings county convicting defendant of carrying a dangerous weapon, as a felony, and order denying motion to set aside the verdict affirmed pursuant to section 542, Code of Criminal Procedure. Lazansky, P. J., Carswell and Adel, JJ., concur; Johnston and Close, JJ., dissent and vote for reversal and a new trial, with the following memorandum: Overlooking the garrulous manner in which the defendant's wife, who was the complainant, was permitted to testify to the domestic difficulties that had for several years caused strife between the defendant and the complainant, we are of the opinion that the charge of the court was so prejudicial as to require a new trial in the interests of justice. There was evidence introduced from which a jury might infer that the gun had been " planted " in the house by the complainant wife. It was error, therefore, for the court to charge the jury that it should accept the testimony of the police officer as evidence of possession. The court interrogated the defendant at length about his knowledge of and familiarity with firearms. The defendant denied any such knowledge or familiarity. It was prejudicial error for the court to charge in effect that the defendant was not to be believed because he had served in the artillery branch of the Italian army. There was no evidence to dispute the defendant's testimony on that phase of the case and there is nothing in the record to support the following remarks of the court: " If there is anything that an army man knows about it is a gun. They do not have men in the army for a year and a half having no knowledge of firearms." The court also erred in stating to the jury the effect of evidence of a previous conviction upon the credibility of the defendant. In addition, the general tenor of the charge was adverse to the defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JULIUS MADIA, Appellant.— Judgment of the County Court, Kings county, convicting the defendant of the crime of grand larceny in the first degree unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.