TACONIC INN CORP., Plaintiff, *v.* FRED HOLSAPPLE et al., Defendants.

Supreme Court, Special Term, New York County, August 14, 1946.

*Hiram C. Todd* for defendants.

*Schiff, Dorfman, Stein & Brof* for plaintiff.

NULL, J. The complaint demands judgment for a sum of money. The counterclaim seeks to compel the plaintiff to specifically perform the terms of a contract by which the defendants undertook to sell certain real property in Columbia County to the plaintiff's assignor.

Being an action for the recovery of a sum of money only, the venue is properly laid in New York County unless, by virtue of the nature of the cause of action pleaded in the counterclaim, the provisions of subdivision 8 of section 183 of the Civil Practice Act are to be applied as requiring the trial to be had in the county where the real property is situated.

I am of the opinion that the complaint must govern the place of trial (*Oakes* v. *De Lancey,* 58 Hun 611, opinion in 12 N. Y. S. 840). Otherwise, the mere interposition of a counterclaim, irrespective of its validity, would compel the removal of an action so long as the counterclaim asserted an interest in real property or a claim relating to any of the other subjects enumerated in section 183 of the Civil Practice Act.

The defendants could have instituted an independent suit for specific performance and accordingly fixed the venue in the county of the real property. They elected, instead, to enter their claim in the action which the plaintiff initiated in the venue which it had the right to choose.

The case of *Nicoletto* v. *Pettit Supply Corp.,* (254 App. Div. 750), is not controlling upon this application. In the facts of that case, more fully set forth in 4 New York Supplement (2d) 231, it is noted that the complaint, among other things, stated a cause of action for a declaratory judgment, " that a certain bond and mortgage made by the defendant to the plaintiffs be declared a valid obligation of the defendant to the plaintiffs." The counterclaim prayed for a declaration to the contrary. Irrespective of the counterclaim, however, it is plain that the plaintiff's cause of action was for a judgment to establish a " lien or other interest in real property," within the scope of subdivision 9 of section 183 of the Civil Practice Act.

Accordingly the motion for a change of venue is denied.