Mabio Pittont, J.
Motion for a change of venue is granted. Cross motion to dismiss the counterclaim is denied.
The complaint contains two causes of action: (1) for a judgment declaring the parties to be husband and wife, and (2) for a separation, and possession of certain real property owned by the parties as tenants by the entirety.
The fact that the plaintiff prays for possession of the premises, pursuant to section 1164-a of the Civil Practice Act, does not transform the second cause of action into any of the actions enumerated in section 183 of the Civil Practice Act, which would require a trial in Nassau County.
However, the defendant, who alleges that a valid divorce was obtained in the State of Alabama, counterclaims for a partition of the property. Under section 183 of the Civil Practice Act the partition action must be tried in Nassau County since the property is located here.
It is the plaintiff’s contention in his cross motion that since the venue of the action was properly laid in Queens County the interposition of a counterclaim which requires a trial in another county is improper.
The general rule is that the complaint governs the place of trial (Taconic Inn Corp. v. Holsapple, 188 Misc. 322). I believe, however, that the circumstances here warrant an exception to that rule.
The pivotal question, upon the determination of which the right to judgment by the plaintiff or the defendant depends, is — Is the divorce obtained in Alabama binding on the plaintiff? If the divorce be held valid, the plaintiff’s complaint would be dismissed, and plaintiff would not be entitled to possession of the property under section 1164-a of the Civil Practice Act. If the divorce be held invalid, the parties would still be husband and wife, the plaintiff would be entitled to a judgment declaring that status to exist, and possibly coidd obtain possession of the property in the separation action. As to the counterclaim, if the divorce be held valid, the parties would not be tenants by the *742 entirely and the counterclaim for partition of the property could be maintained (Civ. Prac. Act, § 1012).
In view of the fact that success or failure of the action or counterclaim depends upon the answer to the pivotal question, only one trial should be held. The distance from the Queens County Courthouse in Jamaica, N. Y., to the Nassau County Courthouse in Mineóla, N. Y., is short, and less than 45 minutes of time is required to traverse it. In these days of scarcity of judicial manpower, where the important question in the action by each party is the same, and no great inconvenience is involved, counsel should co-operate whenever possible to avoid unnecessary trials.
Accordingly, the venue of the action is changed to Nassau County and the cross motion is denied.
These motions, which are two in a group of four between the same parties at the same time, motivate the observation that attorneys who prepare affidavits and memoranda with all kinds of references to other affidavits and documents in the other motions in that group exhibit an attempt to save time and paper at the court’s expense. It is most difficult to go from one set to another in order to get a coherent understanding of the facts and contentions. If a motion is worth making and defending that motion should be completely documented by both the movant and opponent without reference to the related motions.