Mario Pittoni, J.
This is a motion by the defendant for an order directing that the place of trial of this action be changed from the County of Suffolk to the County of Nassau, on the ground that the answer contains a counterclaim for the foreclosure of a mortgage on real property which is located in the County of Nassau, and on the further ground that the mortgage sought to be foreclosed arose out of the same transaction on which the complaint herein is based.
No attack is made on the venue selected by plaintiff. The defendant’s sole contention is that the counterclaim, being a local action under section 183 of the Civil Practice Act, should govern the venue. It has been held that the choice of venue is with plaintiff, and that a defendant cannot by interposing a *171 counterclaim wrest the venue from him. (Taconic Inn Corp. v. Holsapple, 188 Misc. 322.) There is also authority to the contrary (Nicoletto v. Pettit Supply Corp., 254 App. Div. 750 [2d Dept.]; Zaczek v. Zaczek, 27 Misc 2d 740). In the Zacselc case it was held that a counterclaim for partition of real property should govern venue when the right to judgment for plaintiff or for defendant depended on the same pivotal issue. Be that as it may, defendant, moving as a matter of right, is bound to comply with rule 146 of the Buies of Civil Practice. His demand for change of venue was properly served with his answer and plaintiff failed to serve an affidavit within 5 days. Defendant was bound to move within 10 days after the time limited for such response (Peerless Motor Co. v. Hambleton, 219 App. Div. 268). Even if plaintiff’s time to respond to the demand, and defendant’s time to move were each extended three days, as hold in the Peerless case, defendant was required to move by November 8, 1961. However, this motion was made a month and a half later, on December 22, 1961. It has been held that when the motion is made late, change of venue is not a matter of right, but a matter of court discretion (State Bd. of Pharmacy v. Rhinehardt, 116 App. Div. 495). Here there is no excuse for the delay, and the late motion must be denied for laches (Phillips v. Tietjen, 108 App. Div. 9).
Further, it appears that prior to this motion plaintiff moved in Suffolk County, returnable January 8, 1962, to strike the counterclaim, and to have the counterclaim severed. If that motion be granted, the only basis for the present motion will have disappeared. This court, if inclined to grant defendant’s motion, would in any event feel compelled to await the determination of the earlier motion in Suffolk County. However, for reasons stated previously, the motion is denied.