Daniel G. Albert, J.
This is a proceeding upon a statement of agreed facts wherein the plaintiff seeks a partition and division of real property located in Syosset, County of Nassau, State of New York, and if partition cannot be had without great prejudice to the owners, that a sale of said property may be had and that there be a division of the proceeds thereof among the parties to this action. The parties thereto were husband and wife having been married on January 31,1940 in East Rochester, State of New York. On January 31,1947 they became the owners of the afore-mentioned real property as tenants by the entirety by deed recorded on February 7, 1947 in the office of the Clerk of the County of Nassau in Liber 3279, page 188 of Conveyances,
*341 An action for separation was instituted by defendant, Lucille Burford, against the plaintiff, Ralph W. Burford, in the Supreme Court of the State of New York, County of Nassau and on May 7, 1958 a final decree of separation was awarded to the defendant in this action Lucille Burford, by the Honorable Fbaitk Adel, Official Referee. This decree provided that: “ the plaintiff (Lucille M. Burford) shall have the right of possession of occupancy of the real property occupied as a home and owned by the parties hereto * * * and the plaintiff shall pay all charges in connection with the maintenance of said home.”
In the latter part of 1958, plaintiff, Ralph W. Burford, moved to the State of Texas, County of Dallas, where he has remained and resided ever since.
In January, 1960, plaintiff, Ralph W. Burford, instituted an action for absolute divorce against defendant, Lucille Burford, in the Domestic Relations Court, Dallas County, Texas, based on cruel and inhuman treatment. Service of a copy of the citation, issued out of the Texas court, was made upon defendant, Lucille Burford, on February 5, 1960 by the Sheriff of Nassau County, State of New York.
Defendant, Lucille Burford, did not appear or answer in the Texas action. On March 28,1960, a judgment of absolute divorce was granted in favor of Ralph W. Burford against defendant, Lucille Burford. The defendant, Lucille Burford, is still in possession of the property involved in this action.
It is the plaintiff’s contention that, in view of the Texas divorce decree, the property in question is now held in common by the parties hereto, each owning an undivided one-half interest therein.
In his memorandum of law the plaintiff cites the case of Estin v. Estin (296 N. Y. 308) in support of his contention that this court must recognize that the Texas decree effectively cancelled the earlier provision of this court in the separation decree.
The full faith and credit clause of the United States Constitution commands us to accord recognition to so much of the Texas decree as pronounced the dissolution of the marriage. The only remaining question is whether the Texas decree solely by dissolving the marriage must also be taken to have cancelled the possession and occupancy provision made for the wife through the prior judgment in the separation action in this court (despite the fact that the Texas decree specifically adopts the property division incorporated in the final decree of separation of this court). In the case of Estin v. Estin (supra, pp. 312-313) the Court of Appeals stated: “A divorce decree (whether foreign or domestic) granted by a court having jurisdiction of the per *342 sons of both parties may very well be held to override any incongruous alimony prevision of an earlier domestic judgment of separation. (See Scheinwald v. Scheinwald, 231 App. Div. 757; Richards v. Richards, 87 Misc. 134, affd. 167 App. Div. 922; Holmes v. Holmes, 155 F. 2d 737.) But the res judicata principle of the cases just cited — that as between two conflicting adjudications the last must control — has no application where, as in the present case, the court which granted the last judgment was without jurisdiction of the person of the defendant (cf. Miller v. Miller, 200 Iowa 1193; Wagster v. Wagster, 193 Ark. 902; 2 Freeman on Judgments [5th ed.], § 629).”
The Court of Appeals has determined, in substance, that the marriage status has two parts. The one part, the relationship of husband and wife, our court of last resort holds may be dissolved, as aforesaid, by the decree of a sister State, which must be recognized by this State. The other part is the rights which have vested as a result of the incidence of the marriage relationship. These vested rights, the Court of Appeals holds, may not be disturbed by the decree of a sister (State. (Estin v. Estin, supra.)
In the case of Marshall v. Marshall (280 App. Div. 814, affd. 304 N. Y. 956) the wife appeared in the Florida action brought by her husband and thus the Florida court had jurisdiction of both spouses, in personam and in rem. The court, in the Marshall case (supra) recognized that the distinguishing factor between that case and the Estin case (supra) was that of jurisdiction. In the Estin case, the court granting the divorce decree did not have in personam jurisdiction whereas in the Marshall case the court granting the divorce decree did have in personam jurisdiction. The court in the Marshall case (p. 815) noted that: 1 ‘ A different situation would have ensued if the Florida decree was a so-called ex parte divorce such as Estin v. Estin (334 U. S. 541), or if it was silent on the subject of alimony or by Florida law there was no jurisdiction of that subject matter, that is in personam, as in Michell v. Michell (276 App. Div. 1090). Here the wife appeared in the Florida action brought by the husband and thus the court had jurisdiction of both spouses in personam and in rem, the former of which was lacking in the Estin and Michell cases.”
In this action, the Texas decree is a (f so-called ex parte divorce ” and the Texas court did not have jurisdiction of defendant, Lucille Burford, in personam. The dissolution of the marriage by the Texas divorce, having occurred subsequent to a separation decree of this State (incorporating a provision for the occupancy of the property held by the plaintiff and the *343 defendant as tenants by the entirety), does not cancel the occupancy provision. In the case of Zaczek v. Zaczek (27 Misc 2d 740, 742) Mr. Justice Pittoni of this court stated: “If the divorce be held valid, the parties would not be tenants by the entirety and the counterclaim for partition of the property could be maintained (Civ. Prac. Act, § 1012).5’ The instant case is distinguishable from the Zaczek case in that there was no separation decree prior to the divorce in the Zaczek case, whereas there was a separation decree prior to the divorce in the instant case, which divorce decree itself incorporated portions of the separation decree by reference.
Accordingly, the Clerk of the court is directed to enter judgment in favor of the defendant dismissing the plaintiff’s complaint.