■ KOREN-DiRESTA CONSTRUCTION CO., INC., Respondent, v ALBERT B. ASHFORTH INC. et al., Appellants. — Order, Supreme Court, New York County (Ascione, J.), entered June 6, 1983, denying defendants' motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 2, 4, 7, 8) and on the ground of *forum non conveniens,* unanimously reversed, on the law, with costs and disbursements, the motion granted, and the complaint dismissed against defendant Albert B. Ashforth Inc. pursuant to CPLR 3211 (subd [a], par 7) and against the other three defendants pursuant to CPLR 3211 (subd [a], par 4). ¶ Plaintiff sues to recover a balance allegedly due it as general contractor under a contract calling for the construction of an office building in Stamford, Connecticut. Causes of action are asserted for breach of contract and unjust enrichment. One week before the commencement of this action plaintiff asserted the identical causes of actions as counterclaims in an action instituted against it in Connecticut by Stamford Square Associates, a Connecticut limited partnership and owner of the office building property, to recover $209,855 in overbilling. The instant action is brought against not only Stamford Square Associates, but also against Stamford Square, Inc., a Connecticut corporation and managing general partner of Stamford Square Associates; General Electric Credit Corp., a New York corporation, alleged to be "a

partner in Stamford [Square Associates]"; and Albert B. Ashforth Inc., a New York corporation, alleged to "own * * * and control" Stamford Square, Inc., the limited partnership's general partner. Although both causes of action appear to be asserted only against Stamford Square Associates, the "wherefore" clause demands judgment jointly and severally against all four defendants. Before answering defendants moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 2, 4, 7, 8 [lack of subject matter jurisdiction; another action pending; failure to state a cause of action; and lack of personal jurisdiction over the two Connecticut corporations]) and on the ground of *forum non conveniens*. Special Term denied the motion. We reverse. ¶ The counterclaims interposed in the Connecticut action and the causes of action asserted in this action seek the same relief and allege the same theories. Except for the addition of three parties defendant in this action, the actions are identical, thus triggering "another action pending" considerations. (CPLR 3211, subd [a], par 4.) Plaintiff seeks to avoid dismissal on this ground solely by arguing that the two actions are not "between the two parties." The addition of Albert B. Ashforth Inc. to this action adds nothing since the complaint merely alleges that said defendant owned and controlled Stamford Square, Inc. Plaintiff failed to offer any additional proof to support its claim against this particular defendant. The allegation of ownership and control is insufficient to cast said defendant in liability. Thus, the complaint should have been dismissed as against this defendant for failure to state a cause of action (CPLR 3211, subd [a], par 7). Nor does the addition of General Electric Credit Corporation as a defendant enhance plaintiff's argument, since the complaint merely alleges that General Electric is a partner in Stamford Square Associates and was doing business as Stamford Square Associates. The complaint failed to allege that said defendant was a general partner, although if the complaint were construed liberally it might be argued that the vague allegation that General Electric was a partner sufficiently states a cause of action. A cause of action is not stated against a limited partner by the mere assertion of a cause of action against the limited partnership. (See Partnership Law, § 96.) We need not reach this issue, however, since we find that this action and the Connecticut action are "for the same cause of action" within the meaning of CPLR 3211 (subd [a], par 4). "Substantial, not complete, identity of parties is all that is required to invoke CPLR 3211 (subd [a], par 4)". (*Barringer v Zgoda*, 91 AD2d 811.) The parties to this action are substantially identical to the parties to the Connecticut action. As a result of the counterclaims interposed there the Connecticut court has before it the dispute between plaintiff and the limited partnership, even though no general partner was sued in that lawsuit. We note that on argument defendants' attorney agreed in behalf of those defendants which are not parties to the Connecticut action to accept service in Connecticut subject to whatever other defenses they might have. Concur — Sandler, J. P., Sullivan, Carro, Bloom and Fein, JJ.