■ ISRAEL WEINSTOCK et al., Appellants, v CLEARY, GOTTLIEB, STEEN & HAMILTON et al., Respondents. [639 NYS2d 420] —In an action, *inter alia,* to recover damages for fraud, to impose constructive trusts, to cancel a mortgage, and to set aside a fraudulent conveyance, the plaintiffs appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated December 20, 1994, which, *inter alia,* upon granting the motion of the defendant Cleary, Gottlieb, Steen & Handler to transfer venue from New York County to Kings County, dismissed the complaint as to all defendants without prejudice.

Ordered that the order is affirmed, with costs to the respondent Cleary, Gottlieb, Steen & Hamilton.

The plaintiff Israel Weinstock represented some of the defendants as legal counsel. In exchange for the representation, Weinstock alleged that some of the defendants assigned to him interests in entities that owned certain properties in Yonkers and Brooklyn. Some of the defendants then instituted suit against Weinstock and the plaintiff JB Trading International, Ltd., in the Supreme Court, Kings County, challenging these assignments. When Weinstock interposed a third-party complaint against the defendant Cleary, Gottlieb, Steen & Hamilton (hereinafter Cleary), a firm that had taken over representation of some of the defendants from Weinstock and which represented some of the defendants on related matters, the Supreme Court (Huttner, J.) dismissed the third-party complaint without prejudice pending a determination by the Referee as to Weinstock's ownership interest in the properties, the linchpin of the claims he sought to assert.

Thereafter, Weinstock instituted a substantially similar action in Federal court which was dismissed on the ground of abstention in consideration of the pending State court litigation. Weinstock instituted the instant action in New York County. In accordance with CPLR 511 (b), Cleary moved before the Supreme Court, Kings County, to change venue and to dismiss the complaint, which was granted. The court denied the plaintiffs' cross motion to recuse Justice Huttner and to vacate several of his prior orders.

The Supreme Court properly transferred the venue of the action from New York County to Kings County because the complaint contained causes of action to impose constructive trusts and to set aside a fraudulent conveyance which affects the title to property that is located in Kings and Westchester counties (*see*, CPLR 507; *Durrant v Kelly*, 186 AD2d 237; *Winston v Krinsky*, 30 AD2d 524).

Furthermore, the Supreme Court, in its discretion, did not err in dismissing this action as it constituted another action pending (*see*, *Koren-Diresta Constr. Co. v Albert B. Ashforth, Inc.*, 100 AD2d 760; *Barringer v Zgoda*, 91 AD2d 811; *Stanley Elec. Serv. v City of New York*, 26 AD2d 951).

The appellant's remaining contentions are without merit. Balletta, J. P., Ritter, Altman and Hart, JJ., concur.