*331 OPINION OF THE COURT
Lewis J. Lubell, J.
Plaintiff commenced this partition action in connection with a Putnam County residence known by the street address of 520 Croton Falls Road, Carmel, New York. There is no dispute that, since the judgment demanded in the complaint “would affect the title to, or the possession, use or enjoyment of, real property” situated in Putnam County, venue was properly initiated in Putnam County pursuant to CPLR 507.
By way of verified answer, defendant advances a counterclaim seeking partition of a New York County property. This property, a condominium, is identified by the street address of 172 West 79th Street, apartment 4A, New York, New York. In contrast to plaintiff’s partition claim wherein there is no issue that the Putnam County residence is owned by both parties, by way of reply to counterclaim, plaintiff avers that the New York County condominium is, in fact, her sole property which had been placed in the names of plaintiff and defendant “in order to resolve any question that plaintiff was entitled to subscribe to [an underlying] condominium offering plan.” Notwithstanding that distinction, CPLR 507 is still implicated (see Singh v Becher, 249 AD2d 154 [1st Dept 1998]; Weinstock v Cleary, Gottlieb, Steen & Hamilton, 224 AD2d 611 [2d Dept 1996]).
Plaintiff now moves for an order pursuant to CPLR 603 severing defendant’s counterclaim and transferring the venue thereof to New York County pursuant to CPLR 511 (b), the county in which the property which is the subject of the counterclaim is situated.
The novel issue raised by said motion is whether the venue provisions of the complaint control where, as here, application of the mandatory venue provisions of CPLR 507 to a partition claim contained in the complaint and to another contained in the counterclaim point to two different counties. The court answers the question in the negative.
Generally, the complaint governs venue without regard to counterclaims (Taconic Inn Corp. v Holsapple, 188 Misc 322 [1946]). This is not so, however, where the nature of the counterclaim is subject to mandatory venue requirements in which case the counterclaim is determinative (see Sabo v Canelero, 7 Misc 3d 1013[A], 2005 NY Slip Op 50583[U] [Sup Ct, Rockland County 2005], citing Papp v Moutsinas, 188 AD2d 868 [3d Dept 1992] [counterclaim affecting real property within *332 meaning of CPLR 507 results in denial of defendant’s motion for change of venue]; Sterling Commercial Corp. v Bradford, 32 AD2d 952 [2d Dept 1969] [fact that the demand for judgment of partition is contained in a counterclaim rather than complaint does not change result]; Zaczek v Zaczek, 27 Misc 2d 740 [1961], affd 14 AD2d 808 [2d Dept 1961] [change of venue of entire action affirmed where counterclaim sought partition]; Nicoletto v Pettit Supply Corp. of Huntington, 254 App Div 750 [2d Dept 1938] [change of venue granted to county in which real property is located where counterclaim falls under Civil Practice Act § 183 (9), predecessor to CPLR 507]).
There is an exception to the exception to the general rule that the complaint governs venue issues unless there exists a counterclaim which is subject to the mandatory venue requirements of CPLR 507. This is implicitly recognized in Forde v Forde (53 AD2d 779 [3d Dept 1976]), a matrimonial action.
Plaintiff in Forde v Forde (supra) commenced a divorce action in Warren County, plaintiff’s county of residence (see CPLR 503). By way of counterclaim, defendant likewise sued for divorce but, by way of a separate counterclaim also sought judgment that a certain piece of real property located in Nassau County and held by the parties as tenants by the entirety was defendant’s sole property. Upon the authority of CPLR 507, defendant moved to change venue of the entire action to Nassau County. Upon affirming Special Term’s determination to sever that aspect of the counterclaim affecting real property from the matrimonial aspects of the complaint and counterclaim and, thereupon, transferring said counterclaim to Nassau County for trial of said real property cause of action, the Appellate Division ruled as follows:
“Although the matrimonial cause of action and the real property cause of action could have been tried in the matrimonial proceeding (Domestic Relations Law, § 234), in this instance these apparent statutory conflicts as to the place of trial (CPLR 503, 507) have been resolved by Special Term by severance and change of venue as hereinabove recited. Special Term, under its wide discretion in such matters, may order a separate trial of any claim or issue (CPLR 603). We find no abuse of discretion herein.” (Forde v Forde, 53 AD2d at 780.)
*333 With that in mind, and without regard to plaintiffs misplaced[1] and, in any event, inadequately supported CPLR 510 (3) “convenience of material witness” arguments,[2] the court rejects defendant’s assertion that the venue provisions of the complaint must govern where application of CPLR 507 to a cause of action in the complaint and to a counterclaim in an answer point to different counties.
This court concludes that, absent conflicting statutory authority (such as exists in section 234 of the Domestic Relations Law which would allow but not mandate an exception to the venue provisions of CPLR 507 [see Forde v Forde, supra]),[3] where, as here, application of the venue provisions of CPLR 507 to a cause of action in the complaint and to a counterclaim in an answer dictates that venue of the complaint and counterclaim be placed in two different counties, severance of such real property claims and transfer of same to their respective home counties is mandatory.
Accordingly, it is hereby ordered that defendant’s counterclaim be and is hereby severed from the action, and the venue of same is transferred to Supreme Court, New York County; and, it is further ordered that movant shall promptly take all steps that are necessary to effectuate the prompt severance and change of venue as herein directed.

. This motion was not noticed as a CPLR 510 (3) motion and is not being treated as same.

. See O’Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173 (2d Dept 1995) (affidavit in support of a motion must contain names, addresses and occupations of the prospective witnesses; disclosure of facts to which the proposed witnesses will testify at the trial; show that witnesses for whose convenience a change of venue is sought are in fact willing to testify; and, a showing as to how the witnesses would in fact be inconvenienced in the event a change of venue were not granted).

. Domestic Relations Law § 234 allows, but does not mandate, the venue of a claim “affect[ing] the title to, or the possession, use or enjoyment of, real property” (CPLR 507) to be placed in the county in which the divorce action is pending or, in the discretion of the court, to the venue in which the real property is located.