Louis B. Heller, J.
In this action for brokerage commission plaintiff moves for an order granting him judgment by default as against defendants Meyer Horowitz, Shirley Horowitz and Nat Freedman.
Plaintiff alleges that these named defendants defaulted in answering or moving against his amended complaint within the 20-day limit as provided by law under section 263 of the Civil Practice Act.
The facts briefly stated are: On June 16, 1961 plaintiff
served his amended complaint upon defendants ’ attorney, which fact is substantiated by plaintiff by affidavit of service. The defendants had 20 days from this date in which to answer, plus an additional three days because service was by mail. (See Civ. Prac. Act, § 164.) Thus, the last day for defendants to answer or move was July 9, 1961. Since that was a Sunday, the last day for the defendants to answer or move was July 10, 1961. Defendants did not answer or move against *818 the amended complaint as of July 10, 1961. On July 11, 1961 defendants’ attorney served the plaintiff with a notice of motion challenging various portions of the amended complaint. Both sides concede that defendants served their notice of motion on July 11, 1961. Therefore, since July 10 was the last day for defendants to answer or move, it is apparent upon the face of these papers that defendants’ service of their motion on July 11 was untimely and that defendants are in default. However, defendants’ position herein is that they are not in default and the service of their motion papers on July 11 was within the 20-day limit. Defendants base their contention on the fact that they received a copy of plaintiff’s complaint on June 21, .1961 and that the 20 days is computed from this date. Therefore, the 20th day would fall on July 11, 1961. Defendants’ position is untenable. Our courts hold that service by mail is deemed effectuated on the mailing date and not the date of receipt. (Hartford v. Regal Shoe Store, 20 Misc 2d 1055, affd. 10 A D 2d 622; Jackson & Perkins Co. v. Rose Fair, 278 App. Div. 890.) Thus, in the case at bar plaintiff’s amended complaint is deemed to have been served on June 16, 1961 and defendants’ service of their motion papers on July 11, 1961 is clearly untimely and defendants are in default.
Accordingly, plaintiff’s motion is granted without prejudice, however, to defendants to move to open their default upon proper papers if they be so advised.