Archibald C. Wemple, J.
It appears that the plaintiffs herein served upon the defendant herein a summons and verified complaint on November 3, 1961. The summons was dated November 1,1961 and the complaint was verified the same date. The complaint demanded judgment in the sum of $2,500 for alleged breach of contract to sell real estate. The defendant is a resident of the County of Schenectady but was served on November 3, 1961 in Centerville, Barnstable County, Commonwealth of Massachusetts by a Deputy Sheriff of said county. There seems to be some confusion as to when the affidavit of service was filed in the Schenectady County Clerk’s office but the document is stamped November 10, 1961 at 2:47 p.m.
It further appears that the defendant through her attorney deposited in the mail the answer herein on December 8, 1961. According to the affidavits, the plaintiffs ’ attorney returned the answer by mail contending that the answer was not timely served. On the argument plaintiffs’ attorney contended that the answer was received on December 11, 1961 and was immediately returned to the defendant’s attorney for the reason stated. Defendant’s attorney tendered by certified mail another answer on or about December 28,1961 which apparently was not accepted by the plaintiffs’ attorney. The order to show cause herein followed in due course.
Unfortunately the negotiations between the attorneys for the parties herein became somewhat acrimonious. Certainly the litigation between parties should not be affected by such professional antagonism.
On the law herein it appears that service of the summons and complaint became complete 10 days after proof thereof was *287 filed. Taking the stamp of the County Clerk at its face value, namely November 10, 1961, service was complete herein on November 20, 1961. (See Civ. Prac. Act, § 235.) Following section 237 of the Civil Practice Act, the defendant was entitled to 20 days after service of the summons exclusive of the day of service in which to serve upon the plaintiffs’ attorney a copy of the answer. Excluding November 10 or November 20, as the computation may be, the 20 days commenced to run on November 21, 1961. This would give the defendant’s attorney until December 10 (a Sunday) or December 11 (the following business day) in which to file an answer. In any event, the law seems to be clear that a pleading is served when it is deposited in the mail, not when it is received by the addressee. (Van Horne v. Montgomery, 5 How. Prac. 238.) It is clear that the defendant’s attorney did serve the answer within the time fixed by the Civil Practice Act and that the plaintiffs’ attorney should have accepted the answer when it was received by him on December 11,1961. Application of defendant is granted and plaintiffs are directed to accept service of the answer herein.