DIANA MELISI, an Infant, by ELEANOR MELISI, Her Guardian ad Litem, Respondent, v. CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF SCHOHARIE, MIDDLEBURG, CARLISLE, ESPERANCE AND WRIGHT, COUNTY OF SCHOHARIE, AND THE TOWN OF KNOX, COUNTY OF ALBANY, et al., Appellants.

ELEANOR MELISI, Respondent, v. CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF SCHOHARIE, MIDDLEBURG, CARLISLE, ESPERANCE AND WRIGHT, COUNTY OF SCHOHARIE, AND THE TOWN OF KNOX, COUNTY OF ALBANY, et al., Appellants.

Third Department, February 8, 1966.

*F. E. Lehner,* by *Maynard, O'Connor & Smith (Arthur R. Flores* of counsel), for appellants.

*Jack Goodman, John T. Delaney* and *David Wanger* for respondents.

GIBSON, P. J. The defendants appeal from orders of the Supreme Court at Special Term which (1) denied their motions to dismiss for insufficiency the complaint in an infant's action for personal injuries sustained by reason of the alleged negligence of the defendant school district and its employee bus driver and the complaint in the parent's derivative action, both complaints having been amended prior to the return day of the motion, and (2) granted plaintiffs' cross motions for orders permitting service (a) of amended notices of claim, pursuant to subdivision 6 of section 50-e of the General Municipal Law and (b) of second amended complaints.

Within the 90-day time limitation (General Municipal Law, § 50-e, subd. 1), plaintiffs' attorney mailed, by ordinary mail, to defendant school district, and to its codefendant, letters apprising them of his representation in connection with the infant's injuries sustained by reason of negligence in the operation of a school bus on May 28, 1964. The letters were "actually received" within the prescribed time by the clerk of the defendant school district, an officer upon whom service, personally or by registered mail, was authorized (General Municipal Law, § 50-e, subd. 3; CPLR 311, subd. 7); the notice was not rejected and no objection to it or to the manner of its service was interposed; and hence the requirement of service by registered

mail "must be deemed to have been fully and effectively waived" (*Teresta* v. *City of New York*, 304 N. Y. 440, 442–443). Additionally, and pursuant to the statute, service of the notice was validated in any event by reason of the fact that after it was "actually received" by the proper officer, the defendants' insurance carrier, some eight months later, caused claimant to undergo a physical examination by physicians designated by it. (General Municipal Law, § 50-e, subd. 3; *Soules* v. *City of Rochester*, 10 A D 2d 362, 363.)

It thus appearing that the service was effective, whether the requirement of service by registered mail be deemed to have been waived, as in *Teresta* (*supra*), or whether it be considered that service was validated, in any event, pursuant to subdivision 3, by the subsequent physical examination, it follows that the application was properly made to correct, supply or disregard "a mistake, omission, irregularity or defect made in good faith in the notice of claim * * * *not pertaining to the manner or time of service thereof*". (General Municipal Law, § 50-e, subd. 6; emphasis supplied.) The statute further provides that relief may be granted "in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby." In this case no prejudice is claimed and, indeed, it appears that defendant school district was immediately informed of the accident, which it reported to its insurance carrier whose representative then interviewed the plaintiffs, shortly after the accident and sometime before plaintiffs retained their attorney. The carrier's investigator obtained a signed statement and written authorization to obtain the infant's hospital records and her attending physician's report, and subsequently conferred on numerous occasions with plaintiffs' attorney.

Appellants contend that because the letter was not verified and did not set forth claimant's post-office address, it was not "intended" to be a notice of claim or anything more than a "retainer letter". We find, on the contrary, that it did serve as a notice of claim and that its defects and omissions were neither so basic nor so vital as to remove it from the purview of the corrective process provided by subdivision 6. (*Montana* v. *Incorporated Vil. of Lynbrook*, 23 A D 2d 585, and cases there cited.)

The orders should be affirmed, with costs.

REYNOLDS, TAYLOR, AULISI and HAMM, JJ., concur.

Orders affirmed, with costs.