Chief Judge Breitel (dissenting).
I dissent, and vote to reverse and reinstate the complaint.
The "saving clause” of subdivision 3 of section 50-e of the General Municipal Law then applicable, and before its most recent amendment in 1976, provided in relevant part: "that if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received * * * and such party against whom the claim is made shall cause the claimant or *353 any other person interested in the claim to be examined in regard to such claim.”
I would hold that notice of claim by ordinary mail, sent before, but received after, expiration of the statutory 90-day period, is service "made within the period prescribed by this section”. Since it is undisputed that the notice was actually received by the city, albeit six days after expiration of the period, and that the city caused plaintiff to be examined, the other conditions of the saving provision were met, and the complaint should stand.
It is true that the statute requires personal service or service by registered mail. But service by ordinary or certified mail has been sustained (see, e.g., Melisi v Central School Dist. No. 1, 25 AD2d 54 [Gibson, J.]; Teresta v City of New York, 304 NY 440, 442-443). Once it is accepted that service by ordinary mail is not a fatal defect, it need only be determined whether service is effected by mailing alone, or whether service is not complete until the time of delivery. Concededly, if the service is by registered mail, it is complete at the time of mailing (see Desroches v Caron, 11 Misc 2d 838, 839-840; Graziano, Recommendations Relating to Section 50-e of the General Municipal Law and Related Statutes, Twenty-First Ann Report of NY Judicial Conference, 1976, p 391). Since the possibility of delay inherent in ordinary mailing is not demonstrably greater than in registered mailing, the same rule should apply. Hence, service was "made within the period prescribed by this section”.
The rule finds support in the general CPLR provision dealing with service of papers (CPLR 2103). Service by mail "shall be complete upon deposit of the paper enclosed in a postpaid properly addressed wrapper, in a post office or official depository”. (CPLR 2103, subd [b], par 2). Delivery is not required (see A. & B. Serv. Sta. v State of New York, 50 AD2d 973, 974). It has been said that even pleadings are served when mailed, not when received (1 Weinstein-Korn-Miller, NY Civ Prac, par 308.14, p 3-220; see Burns v Inman, 32 Misc 2d 286, 287; Schraub v Landes, 31 Misc 2d 817). No distinction is drawn between ordinary mail and registered mail.
The majority opinion adopts an improperly and unnecessarily restrictive reading of the statute. It interpolates a requirement not explicit in the statute that the notice be "actually received” within the 90-day statutory period. Service must be made within the statutory period, but there is no express time *354 limit on actual receipt of the notice, and no compelling reason to infer one. A municipality is generally afforded sufficient protection by the requirement that service be timely; there is no persuasive reason, based either on social policy or principles of statutory construction, for requiring that actual receipt be timely as well. The effect of the restrictive reading is unjust in its preclusion of a claim on the most technical of time requirements without offsetting benefit to the municipality. Had the notice never been received the case would be different, as would be the situation if the receipt were unduly delayed as, for example, one year after mailing and expiration of the 90-day time limit. In that event, at least, the city might be able to show prejudice, but not when the delay is as little as six days as here.
Finally, it is crucial that upon receipt of the notice of claim, the city did not reject the notice in any way (cf. General Municipal Law, § 50-e, subd 3, par [c], eff Sept. 1, 1976). Instead, the city proceeded to examine claimant on the merits of the claim. This conduct by the city has elements of waiver of proper notice of claim (cf. Teresta v City of New York, 304 NY 440, 442-443, supra). And although lack of prejudice cannot be determinative of the statutory issue, the challenged notice left the city in precisely the position it would have enjoyed had service by registered mail been deposited on the last day of the statutory period. Service by ordinary mail, therefore, resulted in no injustice to the city.
The 1976 statutory amendment demonstrates the Legislature’s conception of the justice of the case, for after September 1, 1976 noncompliant mailing if followed by examination of the claimant works a waiver. The court’s sense of justice should be no less. Thus, the 1976 amendment provides that: "If the notice is served within the period specified by this section, but in a manner not in compliance with the provisions of this subdivision, the service shall be valid if the public corporation against whom the claim is made demands that the claimant * * * be examined” (§ 50-e, subd 3, par [c]). It is only after the disjunctive "or” that there is explicit provision that the notice must have been received within the time specified by the section, and if there is a failure to return the noncom-pliant mailing there is a waiver.
It is not without significance that Special Term sustained the notice in this case, a unanimous Appellate Term sustained the notice, and the Appellate Division reversed on a three to *355 two vote. This court by as sharp a division sustains the fruitless technicality. It is notable that the city initially treated the notice as valid and directed the examination of the claimant. It was only after almost four years that the city bestirred itself to attack the notice as invalid.
The notice on this $10,000 claim was mailed February 10, 1970; the examination was conducted January 20, 1971, and the order denying the motion to dismiss was filed June 5, 1974, more than four years after the notice, six days late in receipt.
The result in this case closes the trap for the unsophisticated. This case becomes another in the aggregation of errant cases which have never pursued a pattern in accordance with the "plain meaning” of these statutes, constantly amended, and constantly softened by decision and amendjnent to 'avert their harsh consequences (cf. Matter of Murray v City of New York, 30 NY2d 113, 121 [concurring opn]; Graziano, Recommendations Relating to Section 50-e of the General Municipal Law and Related Statutes, Twenty-First Ann Report of NY Judicial Conference, 1976, p 384).
Accordingly, I dissent and vote to reverse and reinstate the complaint.
Judges Jones, Wachtler and Cooke concur with Judge Jasen; Chief Judge Breitel dissents and votes to reverse in a separate opinion in which Judges Gabrielli and Fuchsberg concur.
Order affirmed.